This action was prosecuted in the Court of Common Pleas for the city and county of New York, to recover for an injury to the plaintiff's son, a lad of about eight years old, who was injured by being run over by the defendant's horse cars in one of the streets of the city, and resulted in a verdict and judgment for $2,500 damages. The plaintiff was a widow, and her son lived with and was supported by her; and on his part he performed slight services, such as going of errands and assisting his mother in a store kept by her.
It appeared that the lad was on his way to school, his course being down the Sixth avenue, and he desired to ride on the defendant's cars which were proceeding in that direction. According to his account of the matter, which was corroborated by the driver, he made a signal by holding up his finger to the brakeman who stood by the side of the driver, and came towards the car, opposite the front platform on which the driver and brakeman were standing, the latter beckoning him to come forward. When he came near enough, the brakeman seized him by his coat with a view to place him on the platform, but, on account of his weight he slipped out of his hands upon the track and the front wheel passed over his foot, crushing it so that it had to be amputated. According to the testimony of the brakeman, he did not in any way invite the boy to come to the platform, but made a sign to forbid and repel him, but he came forward, nevertheless, and stumbled and fell under the wheel, the witness endeavoring, unsuccessfully, to get hold of, in order to save him. There was newly fallen snow lying on the ground. It was not pretended that the train stopped, or that its speed was slackened as the boy approached. It was shown that it was against the rules of the Company to allow passengers to get on or off the front platform. The penalty was dismissal. The brakeman was also a driver. These two drivers were on the platform in *Page 51 
consequence of their having a double team. They took turns in driving, — when one drove the other managed the brake. A surgeon explained the nature of the injury, and of an apparatus which had been contrived to enable him to walk; but gave it as his opinion that he was disabled for life, and would eventually have to use crutches.
The judge charged the jury, laying down the law upon the subject of negligence with accuracy, and stating, in effect, that the verdict ought to depend upon the conclusion they should come to as to the two contradictory accounts of the facts which had been given by the witnesses. Among other remarks which he made were the following: "If this driver or brakeman saw fit to intimate to the boy to come forward, and he followed that intimation, and then, if instead of stopping the car, he seized the person of the child to lift him perforce upon the moving car, there can be no doubt but that would be an act of negligence — that kind of negligence in the discharge of duties appertaining to his employment for which his principal would be liable. The principal is not liable for the willful acts of his agent, or for an act done out of the course of his employment; but this would be an act done in the course of his employment — the inviting or assisting or getting passengers on the car — for which the law would hold the principal responsible." The defendant's counsel excepted to this portion of the charge. He also desired instructions to be given to the jury to the following effect: that it was negligence in the plaintiff to allow the lad to be in the streets without a protector, on account of his tender age; that the plaintiff was not entitled to recover damages for the prospective value of the services of the child beyond the day of trial, and that the evidence did not warrant a recovery for any sum beyond nominal damages; and he excepted to the several rulings by which the judge declined to give either of these instructions.
The exception to the charge is sought to be supported by the suggestion that it assumes that it was a part of the duty of the brakeman to assist passengers to get upon the cars, *Page 52 
which is argued not to be the case. It does not distinctly appear what the extent of the duties of the two persons who were stationed on the platform to direct and to manage the brake were. If the defendant had desired to make a question upon that point, he should have called the attention of the judge distinctly to it. It does not appear whether the defendant had any other servant upon the train. Prima facie, the persons controlling the motions of the train, and regulating its stoppings and its startings, would be those who would act in the admission and the discharge of passengers. If it was otherwise, in the present case, the defendants should have shown it. There is no force in the suggestions that the brakeman was not in the service of his employers in attempting to assist the boy to get upon the car, or that his act was one of force and violence for which his employers were not responsible. He was acting within the scope of his employment in getting the lad on board, and the Company is not the less liable because he performed that act in an improper, negligent and dangerous way. Again, the argument assumes that the jury were instructed that, as matter of law, the act of the brakeman was negligence. I do not think the judge attempted to lay down any rule of law. In the course of a comment upon the facts he affirmed that a certain state of things, which one version of the evidence tended to prove, would, without doubt, be negligence. In this, we think, he was quite right, though there is nothing to show that he intended to take the question from the jury.
Neither of the requests for instructions to be given to the jury were such as it would have been proper to give. It was not, as a matter of law, negligent or in any way improper for the plaintiff to send her son to school without an attendant. If the proposition were tenable at all, it was for the jury and not the court to pronounce it. The plaintiff could not have a second action for the act of negligence by which her son was injured, and she was therefore entitled to recover the whole of the damages which were inevitable from the nature of the injury in this action. The amount of these damages was a *Page 53 
matter belonging to the jury to determine. It would not have been right for the judge to charge, as he was requested to do, that they should be nominal. It follows that the judgment ought to be affirmed.
All the judges concurring,
Judgment affirmed.