## HENRY DOW v. SIXTH AVENUE RAILROAD COMPANY.

*Railroad—Negligence in aiding passengers on and off—Company responsible.*

The servants of a railroad company are in the line of their duty in aiding passengers on and off their cars, and the company are responsible for their negligence while so doing.

*Benedict & Boardman* for Respondents.
*J. H. Platt* for Appellant.

GROVER, J.—Nearly all the questions involved in the present case were, by this Court, decided adversely to the Defendant, in Drew v. the present Defendant (26 N. Y. 49), and in Clark v. The Sixth Avenue Railroad Company, decided at the last March Term (not reported), and are not open to further discussion in this Court. The exceptions taken by Defendant, upon the trial, to the charge as given, and to the refusals to charge as requested, present some additional questions which will be considered. The judge charged the jury, in substance, that the Defendant's servants on the car are in the line of their duty and employment in helping the young and infirm in and off the car, and that the Defendant was responsible for their negligence while so doing. It was held in Drew v. the Defendant (supra), that such employees were in the line of their employment in rendering such assistance to passengers generally. If so, it is clear that the young and infirm are included, and that the charge in this respect was correct. This also disposes of the exception to the refusal of the judge to charge that the responsibility of the carrier only commences when the passenger is actually on board the vehicle. The question arising upon the exception to the refusal of the judge to charge, that if the driver or brakeman endeavored to pull the Plaintiff on the car, without an attempt on his part to get on, it was a wilful act, and the company are not responsible, is answered by the fact that there was no such question in the case. The evidence was uncontradicted

that the Plaintiff motioned to have the car stop so that he could get on; that the driver beckoned to him to approach; that the Plaintiff did so for that purpose, and when within reach the driver took hold to aid him in getting on, which, instead of accomplishing, the Plaintiff got under the car, and received the injury complained of. This also disposes of the question whether the judge was correct or not in his definition of a wilful act. Such definition was wholly immaterial, as there was no evidence in the case tending to show the act in question wilful. It may be remarked that the negligence of the employees was in not stopping the car. That caused the injury to the Plaintiff.

The judgment appealed from must be affirmed.

Affirmed.

JOEL TIFFANY,
State Reporter.
