BURKE *vs.* THE BROADWAY AND SEVENTH AVENUE RAIL-
ROAD COMPANY.

An infant, when suing in his own behalf for injuries to his person arising from
the negligence of others, must be free from the imputation of negligence on
his part tending to produce the damages sought to be recovered. The rule
is the same whether the action be by an infant or an adult.

It is no excuse for the want of ordinary prudence by an infant, that he had
less discretion than a man. He is required to exercise the prudence of a
person of ordinary intelligence, before an action for damages can arise for
an injury to his person, resulting from the carelessness of others.

An infant is required to take the same care of himself as any other person.
All are held accountable for a reasonable degree of prudence, as to their
own safety.

The father of an infant, suing for damages sustained by the latter through
the negligence of others, can recover only under the same circumstances of
prudence as would be required if the action were in behalf of the infant.

APPEAL from a judgment rendered at the circuit upon
the verdict of a jury in favor of the plaintiff, for $500,
in an action brought to recover damages for loss of service
of his minor child, a lad less than six years of age, who was
run over by one of the defendants' cars, in Thompson street,
in the city of New York, on the 3d of May, 1865, through
the alleged negligence of the defendants, their agents or ser-
vants, and so badly injured as to require the amputation of
his leg. The material facts are stated in the opinions.

When the plaintiff rested, and again, at the close of the
case, the defendants' counsel moved to dismiss the complaint
upon the grounds : "That the plaintiff has failed to prove
a cause of action. That no negligence on the part of the
defendants or any of their agents or servants has been shown.
That the evidence shows that the boy by his own negligence
contributed to the injury. That the plaintiff has failed to
show that the accident was occasioned solely by the negli-
gence of the defendants. That the boy was himself in fault,
and the plaintiff is not entitled to recover. That a party
suing to recover damages for negligence must show himself

free from fault. That the plaintiff, as parent, is chargeable with negligence in allowing a child of such tender years to go to play in the public street in the city of New York without a guardian or protector."

The motion was denied by the court, and the defendants' counsel duly excepted.

*Mr. Scribner,* for the appellant.

*L. K. Miller,* for the respondent.

LEONARD, P. J. An infant, when suing in his own behalf for injuries to his person arising from the negligence of others, must be free from the imputation of negligence on his part tending to produce the damages sought to be recovered. The rule is the same, whether the action be by an infant or an adult. We would not hesitate to hold an adult person, who should rush from the sidewalk, when a street rail car was passing near, (within four feet of the curb stone, where the proper allowance is made for the projection of the car body beyond the railroad track,) and lying down upon a heap of sand, placed in the narrow space between the track and the curb stone, seeking to recover an article which had fallen from his hand upon such narrow space, to be guilty of inexcusable negligence.

In reckless and childish haste the infant approached so near the car as to bump his head against it. It is no excuse that he did not see the car. It appears to be negligence not to have done so. Ordinary prudence would have prevented. Nor is it any excuse that the lad had less discretion than a man. He is required to exercise the prudence of a person of ordinary intelligence, before an action for damages arises for an injury to his person resulting partly from the carelessness of others. The lad was required to take the same care of himself as any other person. All are held accountable for a reasonable degree of prudence as to their

own safety. That reasonable care is the same, whether the rule be applied to a simpleton or a wise man. An injury received without reasonable prudence, on the part of the person injured, gives no right to recover amends in pecuniary damages. The father can recover only under the same circumstances of prudence as would be required if the action were on behalf of the boy.

The negligence of the driver was, it is clear, a question for the jury, and it was properly submitted.

The motion to dismiss the complaint should have been sustained upon the other ground. The call of Mrs. Webber was a warning to the child as well as to the driver of the car. It is difficult to understand from the evidence that the driver could have managed the car so as to have prevented the accident; but I lay no weight upon this question, and am of opinion, under the decision in the case of *Ernst* v. *The Hudson River Railroad Company*, (32 *How. Pr.* 61, 88,) that the case on this point should have been left to the jury, had it not been beyond doubt that the negligence of the. boy contributed to produce the injury.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CLERKE, J. concurred.

MILLER, J. (dissenting.) The principle of law is well settled that to recover damages in an action for injuries occasioned by the negligence of a party, it must be made to appear that the defendant was guilty of negligence, and that there was no negligence on the part of the plaintiff which co-operated with the misconduct of the defendant to produce the injury complained of. (*Button* v. *Hudson River R. R. Co.*, 18 *N. Y. Rep.* 248. *Deyo* v. *N. Y. Central R. R. Co.*, 34 *id.* 9. *Tonawanda R. R. Co.* v. *Munger*, 5 *Denio*, 255; 4 *Comst.* 349. *Wilds* v. *Hudson River R. R. Co.*, 24 *N. Y. Rep.* 430.)

Where the evidence is conflicting, as to negligence, the case should be submitted to the consideration of the jury. (*Drew* v. *Sixth Avenue R. R. Co.*, 26 *N. Y. Rep.* 49. *Ernst* v. *Hudson River R. R. Co.*, 32 *How. Pr.* 61, 88.)

As to the negligence of the defendants in this case, which is the first question to be examined, I think the testimony was contradictory, and not sufficiently preponderating in favor of the defendants to take the case from the jury. Three of the plaintiff's witnesses testified that the car came along very fast. Two of them agree that one of these witnesses halloed to the driver to stop, and that he proceeded without heeding the warning. The conductor and driver both contradict the principal facts sworn to by the plaintiff's witnesses, and there is considerable contrariety in the whole evidence, as to some other important facts in controversy, in reference to this branch of the case. There is not, however, such a strong preponderance in favor of the defendant as to authorize the court to say that the weight of the evidence was entirely against the plaintiff; and I think it was a fair case to submit to the consideration of the jury upon the question of the defendants' negligence.

The question arising as to the negligence of the boy is more troublesome and difficult, but I am inclined to think was properly submitted to the jury. If we assume as the plaintiff, in this cause, stands in the same position that the infant would, were he a party to this action, which, perhaps, is the correct rule, then he must be held to that degree of care which a person of ordinary prudence would exercise, without regard to his tender years. (*Honigsberger* v. *The 2d Av. R. R. Co.*, *Manuscript Opinion of Court of Appeals.*) The fact that he is an infant, would not help him, of itself, and does not confer any right to occupy the highway differently, or in any other manner, than a person of full age and mature understanding. Nor do I understand that the mere fact that his parents suffered him to go at large, alone and of itself, establishes negligence. *Hartfield* v. *Roper*, (21 *Wend.*

Burke *v.* Broadway and Seventh Avenue Railroad Company.

615,) was a case where the infant was only two years of age, and was permitted to go at large on a public highway, and it was held that the want of care on the part of the parents, or guardian of the child, furnished the same answer to the action as would its omission on the part of the plaintiff in an action by an adult. This rule was held to be applicable, considering the immature years of the child, and the place where the injury was done, and the surrounding circumstances of the case. It cannot, however, be invoked in a case like the one now considered. In *Drew* v. *The 6th Av. R. R. Co.*, (26 *N. Y. Rep.* 49,) the defendants were held liable in the case of a boy eight years of age, and it was decided that it was not, as a matter of law, negligence on the part of the parent to send him to school without a protector. (*See also Konigsberger* v. *The 2d Av. R. R. Co.*, *before cited.*) Assuming, then, as, I think, may be done, in view of all the authorities, that the fact of the child being alone was not *per se* negligence, we are brought to a consideration of the question whether the acts of the boy were negligent and contributed to the injury. The testimony shows that he was about six years of age, and was in the street alone, and unattended, playing at or near a dirt heap, between the sidewalk and the railroad track. He had a wheel or something in his hand, which fell out of it into the heap of dirt, and he stooped to pick it up. The car was coming quite rapidly, and the car ran over him. One witness, Mrs. Webber, swears that she saw the child stoop. She halloed, and said stop, and thought that the driver could have stopped before he got to the child, if he had a mind to. She states that the horses were trotting very hard — a good deal faster than the cars generally go on that street.

Ella Clayton testified, substantially, to the same facts. The boy, who was allowed to make a statement, not under oath, states that he was on the sidewalk when he dropped the wheel. It rolled to the heap of dirt, and he ran after it quick. He did not see nor hear the car. He was lying on

the heap of dirt looking over to get the wheel, and tried to pull his leg out, but could not.

The evidence of the plaintiff is contradicted in its material particulars by the defendants' testimony. The car driver testifies, that the boy ran out to catch hold of the car, and the driver warned him off. The boy Gillhooley, who was also allowed to make a statement, not under oath, says that the boy Burke was running along, and had hold of the side of the car about in the middle. There is also testimony of the conductor and the driver, that the car was running at a moderate rate of speed, and contradictions on the most important points of the plaintiff's evidence. It is difficult to determine where the preponderance was, and the jury, who heard the witnesses, were better qualified to decide that matter than this court.

The real point after all is, that taking into consideration the situation of the boy as described by the witnesses, does it show negligence on his part ?

In *Bernhardt* v. *The Rensselaer and Saratoga R. R. Co.*, (23 *How. Pr.* 168,) Selden, J. in discussing the question as to the submission of a question of negligence to a jury, says : " If there are inferences to be drawn from the proof which are not *certain* and *incontrovertible,* they are for the jury. If it is necessary to determine, as in most cases it is, what a man of *ordinary care and prudence would be likely to do under the circumstances proved, this involving, as it generally must, more or less conjecture, can only be settled by a jury.*" (*See also Ireland* v. *The Oswego Railroad Compan,* 13 *N. Y. Rep.* 536 ; *Keller* v. *The New York Central Railroad Company,* 24 *id.* 177.) I think it may be said, that inferences to be drawn from the facts to be presented, are by no means so sure as to leave no question in regard to them. Nor can it be doubted that it was necessary to determine, in this case, what ordinary care and prudence required, within the principle laid down by Judge Selden.

If, as has been supposed, the Court of Appeals has varied

in any respect from the sound and salutary rule here laid down, in the recent case of *Ernst* v. *The H. R. R. Co.*, (32 *How. Pr.* 61,) the authorities are fully reviewed in an elaborate opinion by Porter, J. sustaining the views expressed by Judge Selden, and holding strongly in favor of submitting questions of fact to a jury, in cases like the present. The learned judge says : " The question, whether the plaintiff was free from negligence, in ordinary cases of this description, is one of fact, to be determined by the jury under appropriate instructions, and subject to the revisory power of the courts. Occasional instances occur where the proof of misconduct is so clear and decisive, that the judges are bound to pass on the question of negligence, as matter of law. It is a mistake, however, to suppose that the decisions made from time to time in these two classes of cases, conflict with each other, or involve any departure from the settled rules of law. When the question arises on a state of facts on which fair minded, men may rationally arrive at *opposite conclusions, the issue is properly submitted to a jury.*" Again, he says : " Even among the cases which have been held so plain as to justify a nonsuit, there have been few in which the judges have not themselves disagreed, and the inquiry naturally occurs to the mind whether we are less liable than jurors to err on questions of mere fact pertaining to the ordinary affairs of life. Our law is framed upon the theory that on such questions the citizen can rely, with more security, on the concurrent judgment of twelve jurors than the majority of a divided bench. Unanimity is not required in our decision on questions of law. It is otherwise with jurors charged with determining issues of fact, and such issues should not be withheld from the usual arbiters, unless the evidence leads so clearly to one result, and there is no reason for honest difference between intelligent and upright men. A nonsuit should always be granted when the proof is so clear as to warrant the assumption, in good faith, that if the questions were submitted to the jury, *they*

*would find the culpable negligence of the plaintiff contributed to the injury.*"

These views are founded in practical wisdom and experience, and the history of the law and trials of this character evince that, in most cases, juries are apt to be right, even although they sometimes differ from the courts as to the conclusions to be drawn from the evidence presented. When they clearly err, the court should not hestitate to interfere and rectify the mistake. But, as a general rule, the judgment of an intelligent and unbiased jury, acting under the solemn sanction of an oath and the instructions of an enlightened judge, is the safest depository of the rights of parties in all questions of fact which may arise.

It follows, from the remarks made, that no error was committed by the judge on the trial, by refusing to dismiss the complaint, and in submitting the question arising as to the negligence of the defendant and the plaintiff to the jury.

I have examined the other questions raised, and think there was no error in the ruling of the judge in regard to them. The judgment should be affirmed, with costs of appeal.

New trial granted.

[NEW YORK GENERAL TERM, June 3, 1867. *Leonard, Clerke* and *Miller,* Justices.]