# DREW *v.* SIXTH AVENUE RAILROAD COMPANY.

### June, 1867.

The driver or brakeman of a horse car is acting in the line of his duty in assisting the young and infirm on and off the car; and the company are liable to a passenger the driver was so assisting, for injury caused to him, before he ever got on the car, by the driver's negligence in not stopping the car.

Henry Drew, by his guardian, sued defendants in the New York common pleas for damages, on the following facts. Plaintiff was a boy of eight years of age on his way to school, He beckoned the driver of defendants' car to stop. A brakeman was on the front platform with the driver, and the driver and

---

* As to the application of this rule to several actions, see Richardson *v.* White, 27 *How. Pr.* 155, and cases cited. Adams *v.* Bush, 2 *Abb. Pr. N. S.* 112; Davis *v.* Duffie, 3 *Abb. Pr.* 63.

Drew v. Sixth-Ave. R. R. Co.

the boy testified that the brakeman beckoned to the boy. When the car reached him it did not stop, but the brakeman took hold of him to lift him on the platform. The boy fell and the wheel crushed his foot. The brakeman testified that he did not beckon, but waved his hand to warn the boy off, and that seeing there was danger he put out his hands to catch the boy, but did not succeed.

The usual notice forbidding passengers to get on or off the front platform was posted in the car.

The material instructions of the judge are stated in the opinion.

The jury gave plaintiff a verdict of five thousand dollars, and from judgment thereon, and an order denying a new trial, defendants now appealed.

The mother of plaintiff brought a separate action for loss of service and for expenses, which is reported in 26 *N. Y.* 49.

*John Slosson* and *Waldo Hutchings*, for defendants, appellants;—Cited Sanford *v.* Eighth-Ave. R. R. Co., 22 *N. Y.* 343.

*Andrew Boardman*, for plaintiff, respondent;—Cited, Curtis *v.* Rochester & Syracuse R. R. Co., 18 *N. Y.* 534; Drew *v.* Sixth-Ave. R. R. Co., 26 *Id.* 52; Campbell *v.* Perkins, 8 *Id.* 430; Nolton *v.* Western Railroad, 15 *Id.* 444; Stokes *v.* Saltonstall, 13 *Pet.* 181; *Story on Agency*, § 452; Weed *v.* Panama Railroad, 17 *N. Y.* 362; Act of 1824 as to liability of owners of stage for willful acts of drivers, 2 *R. S.* 966, 5. ed; Stapley *v.* London, &c. Railw. Co., 1 *L. R. Ct. of Ex.* 21; Ernst *v.* Hudson R. R. R. Co., 35 *N. Y.* 9; S. C., 3 *Abb. Pr. N. S.* 82; Brown *v.* N. Y. Central R. R. Co., 34 *N. Y.* 404; Beisiegel *v.* Same, *Id.* 622; Willis *v.* L. I. R. R. Co., 3 *Id.* 670; Kiernan *v.* Rocheleau, 6 *Bosw.* 148.

GROVER, J.—Nearly all the questions involved in the present case were by this court decided adversely to the defendant in Drew against the present defendant (26 *N. Y.* 49), and in Clark *v.* Sixth-Avenue R. R. Co., [*] and are not open to further discussion in this court.

---

[*] March, 1867. Not reported.

The exceptions taken by defendant upon this trial, to the charge as given, and to the refusals to charge as requested, present some additional questions which will be considered. The judge charged the jury, in substance, that the defendants' servants, on the car, are in the line of their duty and employment in helping the young and infirm on and off the car, and that the defendant was responsible for their negligence while so doing. It was held in Drew against the same defendant (26 *N. Y. supra*), that such employees were in the line of their employment in rendering such assistance to passengers generally. If so, it is clear that the young and infirm are included, and that the charge in this respect was correct. This also disposes of the exception to the refusal of the judge to charge that the responsibility of the carrier only commences when the passenger is actually on board the vehicle. The question arising upon the exception to the refusal of the judge to charge that if the driver or brakeman endeavored to pull the plaintiff on the car without an attempt on his part to get on it, was a willful act and the company not responsible, is answered by the fact that there was no such question in the case. The evidence was uncontradicted that the plaintiff motioned to have the car stop so that he could get on. That the driver beckoned to him to approach. That the plaintiff did so for that purpose ; and when within reach, the driver took hold to aid him in getting on, instead of accomplishing which, the plaintiff got under the car and received the injury complained of. This also disposes of the question whether the judge was correct or not in his definition of a willful act. Such definition was wholly immaterial, as there was no evidence in the case tending to show the act in question willful. It may be remarked that the negligence of the employees was in not stopping the car. That caused the injury to the plaintiff.

The judgment appealed from must be affirmed.

WRIGHT, J., also read for affirmance.

All the judges concurred, except PORTER, J., who did not vote.

Judgment affirmed, with costs.