Simpson *v.* Buck.

---

Almira Simpson, Appellant, *v.* Orson S. Buck, Respondent.

(General Term, Third Department, September, 1871.)

The mother of a minor child, whose father is dead, may maintain an action for the services of the child, in cases in which the father might have done so if living.

The fact that the minor contributed to the support of the mother and is not dependent on her does not affect the right to recover.

This action was brought by the mother of a minor son, whose father was dead, and for whom no guardian had been

appointed, to recover for his services while in the employ of the defendant for the period of about six months, or 161 days in all, at one dollar per day, and amounting to $161.

The cause was tried before a justice of the peace of the county of Cortland and a jury. There was proof to show that the plaintiff's son worked for the defendant from the 29th of March to October 2, 1869; that he hired out at sixteen dollars a month for six or eight months; also, proof that the defendant had paid, on account of said services, thirty-five dollars and twenty-eight cents.

On the trial the defendant moved for a nonsuit, on the ground that the plaintiff had no right to the services of her minor son. The motion was denied, and the jury rendered a verdict for the plaintiff for fifty-one dollars. Judgment was rendered accordingly, from which judgment the defendant appealed to the County Court of Cortland county, where the judgment of the Justice's Court was reversed. Whereupon, the plaintiff brought this appeal.

*Holmes & Palmer*, for appellant.

*R. A. Benedict*, for respondent.

Present — MILLER, P. J., JAMES and PARKER, JJ.

By the Court — MILLER, P. J. The only question involved in this case is, whether a mother, where the father is dead, can maintain an action for the services of her minor child. In *Gray* v. *Durland* (50 Barb., 100), it was held that a mother, in case of a father's death, has the same right to the services of a minor child that the father would have if living, and, hence, that she might maintain an action for the seduction of her minor daughter. It is true that, in the prevailing opinion in that case, some stress is laid upon the fact that the courts have leaned very decidedly in favor of sustaining the action for seduction, which originally was founded in the actual loss of service; but the decision is put upon the broad

ground that, upon authority and principle, the mother, as the natural guardian of the minor, and as the person bound to support, and entitled to the services of the minor, upon the decease of the father, is entitled to maintain the action.

In the case cited, the authorities bearing upon the question are fully reviewed and commented upon; and, as our attention has not been directed to any additional cases which in any way vary the rule, it is not important to re-examine them. Certainly not, when none have been cited of a later date which in any way affect or overrule the authority of the case referred to, which, until reversed by a higher tribunal, or at least questioned by a court of co-ordinate jurisdiction, must be regarded as decisive. If we adhere to the principle there enunciated, there is no difficulty in determining the question now raised.

The principle which gives to the surviving parent, who takes care of, nurtures and provides for the minor, a control over its actions, and a right to the services of the minor, is founded in good sense and sound judgment, and, even if in conflict with the common-law rule and the decisions of the English courts, as well as the courts of some of the States, conforms to the spirit of the age and the progress of events, which of late have recognized more fully than at an earlier date the rights of the wife and the mother by legislative enactment. (See S. L. of 1862, chap. 172, § 6.)

The fact that the minor contributed to the support of the mother does not, in my opinion, alter the rule or deprive the mother of the right which the law confers upon her. And even although the mother might forego the right to recover for the services of the minor, by consenting to a contract between the infant and another, on a promise to pay the infant, or by allowing the infant, without objection, to contract for and receive payment for services on his or her own account, yet, when no such consent is given, or no such contract is acquiesced in, the mother is not debarred from maintaining an action for the services rendered, and a recovery by her would bar any action by the minor for the same cause

of action.   But no such question is presented in this case, and the decision of the county judge is placed entirely upon the ground that the mother is not entitled to the services of the minor child.   As the county judge was wrong, the judgment of the county court must be reversed, with costs of appeal, and that of the justice affirmed.

Judgment reversed.