MARGARET M. KENNEDY, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Negligence — right of a widow to the services of an infant son — right to recover damages for an injury done to him.*

This action was brought by the plaintiff, a widow, to recover damages alleged to have been occasioned by the wrongful act of the defendant in so running one of its engines as to strike and injure her son, a boy of about six years of age. The boy was so badly hurt as to be helpless and to require nursing and medical and other attendance for five or six months. It was not shown that he had ever rendered any services to his mother before he was hurt.

*Held,* that the plaintiff, as the widowed mother of her son, had a legal right to his services, which entitled her to maintain the action, without proving that any actual loss of services had been sustained by her.

That she was entitled to recover the amount of the doctor's bills.

APPEAL by the defendant from a judgment of the County Court of Erie county, and from an order denying a motion for a new trial made upon a case and exceptions.

Upon the trial the jury rendered a verdict in favor of the plaintiff for $485.

*George C. Greene*, for the appellant.

*A. Moot*, for the respondent.

RUMSEY, J. :

It was a question for the jury whether the defendant was negligently running its engine when Harry Kennedy was struck; and also whether there was any negligence on the part of Harry or of the plaintiff which contributed to the injury. Those questions were properly submitted to the jury and their finding is sustained by the evidence.

If Harry was negligent, then it was a question for the jury whether it was negligent for the plaintiff to permit him to go to school at the time and under the circumstances. (*Drew* v. *Sixth Ave. R. R. Co.*, 26 N. Y., 49; *McGarry* v. *Loomis*, 63 id., 104.) As bearing upon that question, it was competent for the plaintiff to show that she cautioned the children to be careful of the cars at the crossing, and that she watched them to see that they obeyed her instructions.

The question chiefly argued by the counsel for the appellant was whether the plaintiff had shown any right to maintain the action for injuries to her infant son. The plaintiff was a widow; Harry, the little boy who was injured, was six years old at the time he was hurt; he lived with his mother, and he was so badly hurt that he was helpless and required nursing and attendance, medical and otherwise, for five or six months. There was no evidence that he had ever rendered his mother any service before he was hurt. Upon this state of facts the defendant claims that there was no loss of service to the mother, and therefore no damage to her resulting from the injuries suffered by her son.

It is not to be denied that the right of any one standing in *loco parentis* to recover for injuries to his child, is based upon the supposed relation of master and servant, and not upon the relation of parent and child. (Shear & Redf. on Neg., § 608 *a*; *White* v. *Nellis*, 31 N. Y., 405, 407.)

The wrongful act, therefore, must either deprive the master of the service which he had been receiving, or must injuriously affect his right to service, which the law permits him to demand, before he can recover for the injury which it causes. As no service had

been rendered by Harry before he was hurt, Mrs. Kennedy cannot recover unless she had the legal right to demand the services of her son. If that is established, no proof of actual service rendered is necessary (*Hewitt* v. *Prime*, 21 Wend., 79), but the relation of mistress and servant constructively existed, and the action can be maintained. (*Mulvehall* v. *Millward*, 11 N. Y., 343.) The sole question presented then is whether the widowed mother is legally entitled to the services of her minor child.

Whatever notion may have previously been entertained upon this subject, that question has lately been answered in the affirmative by a series of cases which must be deemed to settle it in this State. In *Gray* v. *Durland* (50 Barb., 100, 211) the plaintiff, a widow, sued for the seduction of her minor child. It appeared that the daughter was of the age of sixteen years; that at the time of the seduction she lived at the defendant's house as a domestic and servant, receiving her wages and using them for her own support. The sole question presented in the case was whether the mother of the minor was entitled to her services. This appears from the opinion of MILLER, J., delivering the opinion of the court (p. 108), and by the opinion of HOGEBOOM, J., dissenting. (P. 114.) The decision was that the mother, as such, had the right to maintain the action as the natural guardian of the minor, as the person bound to maintain and support her, and as the parent who is entitled to her services upon the death of her father. (P. 108.)

The case of *Gray* v. *Durland* was followed in *Simpson* v. *Buck* (5 Lans., 337), which was an action by the mother to recover for the services of her minor son while in the employ of defendant. The only question presented was whether the mother was entitled to the services. The court below held that she was not, and judgment went against her. Upon appeal the General Term reversed the judgment, saying that *Gray* v. *Durland* was put upon the ground stated above, and was decisive of the question. The same point was again presented in *Furman* v. *Van Sise* (56 N. Y., 435). In that, as in the former case, the daughter at the time of the seduction was not in the actual service of the mother, and the case turned upon the same question presented here, whether the mother being a widow was entitled to the service of her minor child. Judge GROVER, delivering the opinion of the court, says that the law imposes upon the father the

duty of providing for and maintaining the infant offspring; but after the death of the father the same law casts this duty solely upon the mother who must, if of sufficient ability, maintain, educate and take care of her infant children. As the result of this obligation, he says she is entitled to the custody and control of such children; succeeding in this respect, not only to the obligations and duties primarily resting upon the father during life, but also to his right of custody and control and to the services of the children. (Pp. 439, 440.) In this case, as in *Gray* v. *Durland*, there was strong dissent, so that it is clear that the decision was made upon full consideration of both sides of the question, not only at the argument, but in consultation. These cases are cited by GILBERT, J., in *Certwell* v. *Hoyt* (6 Hun, 575, 577), as deciding that the widowed mother is entitled to the services of the minor child. We regard the rule as now firmly settled in this State upon the authority of the cases above cited.

It follows that the plaintiff here was entitled to maintain this action. The cases put the mother's right to the services upon the ground that she is bound to maintain and care for the infant children. That being so she is liable for the doctor's bills for attendance upon Harry during his illness, and she was entitled to recover them. There is no other question in the case which calls for examination.

The judgment and order should be affirmed, with costs.

Present — BARKER, HAIGHT, BRADLEY and RUMSEY, JJ.

Judgment and order affirmed.