## LOUIS J. SIMONIN, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Negligence — when a question for the jury — when it is the duty of an employee of a ferry-boat to assist passengers — damages for personal injury — prior earnings of the party injured are to be considered.*

The plaintiff attempted to go on board the defendant's annex boat, at Brooklyn, as a passenger. The tide was high and the gang-plank leading from the dock to the upper deck of the boat was steep and slippery from rain which was falling at the time of the accident. When he had nearly reached the top he slipped upon a rope, which had been left upon the gang-plank, and was in the act of falling, when he was seized by one of the defendant's employees and pulled upon the deck so violently that he fell down and broke his leg. In this action, brought by him to recover damages for the injuries so sustained:

*Held,* that a verdict in his favor should not be set aside.

The question as to whether or not the assisting of passengers upon the boat was within the scope of the duty of the employee who attempted to assist the plaintiff, was left by the judge to the jury to determine.

*Held,* that this was a more favorable disposition of the question than the defendant had a right to demand.

*Drew* v. *Sixth Avenue Railway* (26 N. Y., 49) followed.

As bearing upon the question of damages, the plaintiff was allowed to testify that he was a teacher of the French language, and to state the number of his scholars in the years prior to his accident and the amount of his earnings therefrom.

*Held,* no error.

*Ehrgott* v. *Mayor, etc.* (96 N. Y., 264), followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial.

*B. F. Tracy,* for the appellant.

*C. J. Patterson,* for the respondent.

BARNARD, P. J.:

The negligence in this case consisted of two facts very intimately connected, and which may have together contributed to the injury. The defendant's boat was receiving passengers at Brooklyn. The tide was high; it was raining and the river was rough. The gang-plank was almost at an angle of thirty or forty degrees. While the plain

tiff was going up the plank, and when he had reached nearly to the top, he slipped upon a rope which had been carelessly left upon the gang-plank, lying across it. A deck hand of the boat, but one who was holding the gang-plank, reached out and took hold of the plaintiff, gave him a jerk towards the boat. The plaintiff answered the force applied to him, but was thrown down by it upon the boat and broke his leg. The proximate cause of the accident was the rope. It was a dangerous as well as careless act upon the part of the defendant to leave the rope upon the gang-plank. The turning of the rope under the foot of the passenger would almost inevitably throw him, under the circumstrnces. Whether the deck hand was acting within the scope of his employment or not; if the proximate cause of the act was the rope, and a stranger had failed to prevent its results in the manner the deck hand had done, the company would still be liable for the neglect which occasioned the accident. The deck hand, however, was not a stranger to the occurrence. It seems that the Court of Appeals, almost as matter of law, decided that he was acting within the scope of his employment. (*Drew* v. *Sixth Ave. R. R. Co.*, 26 N. Y., 49.)

The submission of the question to the jury was not injurious to the defendant. The Court of Appeals says, in that case, in respect to a brakeman upon a street railroad, that he was *prima facie* acting in discharge of his duty, " if it were otherwise the defendants should have shown it."

There are exceptions to evidence which are all addressed to the admission of proof to show damage. The plaintiff was a French teacher. He taught at the Brooklyn library, and after the usual hours of instruction there, had been in the habit of teaching this language in private classes. The plaintiff was permitted to prove his income for a year or two before. The numbers of his classes, the price received for tuition and the expense to be deducted. The evidence was properly received. It does not extend back to such a period of time as was admitted in *Ehrgott* v. *The Mayor* (96 N. Y., 264). It is of the same description. The plaintiff was permitted to testify to his annual earnings for six or seven years before the accident. The Court of Appeals call the evidence " the best possible basis to estimate the pecuniary loss." Assuming the correctness of the principle argued by defendant in respect to the

effect of uncontradicted evidence, there was nothing in this case which called for its application. The witnesses differed as to the surroundings of the accident. Among other differences, it was testified to by some witness, or witnesses, that the plank was held in a certain way. Other witnesses were silent on the subject, but gave evidence of what they saw at the time of the accident. Under the whole evidence the jury were not bound to find absolutely as was testified to by certain witnesses.

The judgment should be affirmed, with costs.

PRATT, J.:

The plaintiff attempted to board the defendant's annex boat at the foot of Fulton street, Brooklyn, as a passenger. There was a gang-plank leading from the dock to the upper deck of the boat. The plank was inclined up towards the deck and its surface was slippery from rain, which was falling at the time of the accident. Plaintiff, using his umbrella as a cane, was proceeding up the plank, and when he had nearly reached the top he slipped from some cause, and was in the act of falling when one of the employees of the defendant took hold of him, and either pulled or assisted him to the deck of the boat. On reaching the deck plaintiff sunk down and it was then discovered that his leg was broken.

The plaintiff claimed, and the evidence upon his part tended to prove, that the slipping on the gang-plank was caused by plaintiff's stepping upon a piece of rope that was lying on the plank, and that when the deck-hand took hold of him he did so violently and jerked him upon the deck, and that the leg was broken either from slipping on the rope or from the violent assistance received from the deck-hand.

These facts were both denied by defendant's witnesses. The questions were disputed ones upon the evidence, and were properly submitted to the jury. It needs no citation of authority to show that the jury might very properly have found that it was negligence for the defendant to have a piece of rope upon the plank upon which passengers might step, and which might be liable to cause injury. The defendant was bound to afford to its passengers a secure and safe mode of passing on to the boat, and whether or not they did it in this instance was a fact for the jury to determine.

We think it was also within the scope of the employee's duty to assist passengers upon the boat, and if, in so doing, he used such violence and force as to inflict injury, the defendant would be liable. (*Stewart* v. *Brooklyn Crosstown R. R. Co.*, 90 N. Y., 588; *Drew* v. *Sixth Ave. R. R.*, 26 id., 49.) Whether there was or was not violence in this case was a fact for the jury; as was also the question whether the injury was the result of slipping on the rope or of the rough treatment of the deck hand.

The court, however, did not rule as a question of law that the assisting of passengers upon the boat was within the scope of the employee's duty, but left the question to the jury to determine. This was a more favorable disposition of the question than the defendants had a right to ask. The deck hand occupied a position on the boat from which passengers might reasonably have assumed that he was placed there to assist them, and, if such was not the case, the defendants could have shown it. This they did not do.

The plaintiff was a teacher of the French language, and was permitted to testify as to the number of his scholars in years prior to the accident and to his earnings from the instruction of those pupils. This evidence was objected to by the defendant, and its admission is now urged as a ground for reversal. We think the evidence was proper. Similar evidence was offered and received in the case of *Ehrgott* v. *Mayor, etc.* (96 N. Y., 265), and the Court of Appeals held it proper for the consideration of the jury. In that case the court say "the plaintiff's income was not from capital invested, but solely from his personal skill and services, and his earnings for the six or seven years showed what his services were worth to himself and what he was capable of earning, and thus gave the jury a basis from which to estimate his pecuniary loss." So in the case of *Masterton* v. *Village of Mount Vernon* (58 N. Y., 391). Judge GROVER says: "Where, in such a case, the plaintiff has received a fixed compensation for his services, or his earnings can be shown with reasonable certainty, the proof is competent." It was not error to admit the testimony to which objection was made.

The exceptions to the refusal to charge are not well taken, and the judgment should be affirmed, with costs.

Judgment and order denying new trial affirmed, with costs.