### BUCKLEY *against* LYTTLE AND THOMPSON.

A MOTION was made in this cause, in behalf of the defendants, to set aside the execution, on an affidavit, stating that the judgment was obtained prior to the late declaration of war against *Great Britain*, that the plaintiff is an alien enemy, and resided at the time when the judgment was obtained, and now resides in *Canada*, within the territory of *Great Britain*.

Where the plaintiff in a suit, becomes an *alien enemy*, after judgment, the court will not, on motion, stay or set aside the execution.

*Per Curiam.* The case of *Van Brynen and others v. Wilson* (9 *East*, 321.) is in point, to show that the court will not interfere, in such a case, in this way. In that case, the plaintiffs, after verdict, became alien enemies, and the court of K. B. refused to stay the judgment and execution, on motion. They said " that if the defendant had any remedy, by law, he might avail himself of it, if so advised, but that they would not interfere in the manner proposed, on such an occasion." The motion must be denied.

Motion denied.(*a*)

(*a*) See *Clarke v. Morey, ante*, 69.