###### IN THE

# SUPREME COURT OF JUDICATURE

###### OF THE

# STATE OF NEW-YORK,

IN MAY TERM, 1839, IN THE SIXTY-THIRD YEAR OF THE INDEPENDENCE OF THE UNITED STATES.

---

## HEWIT *vs.* PRIME.

An action on the case may be sustained by a father for the seduction of his daughter without proving any actual loss of service ; it is enough that the daughter be a minor residing with her father, and that he has the *right to claim her services.*

In such action a plaintiff may show in proof in aggravation of damages, any circumstances the natural consequences of the principal act, although they did not transpire until after suit brought.

A physician consulted by the defendant as to the means of producing an abortion, is not privileged from testifying, by the statute forbidding a disclosure of information received by a physician to enable him to prescribe for a patient.

THIS was an action on the case tried at the Essex circuit, in June, 1835, before the Hon. ESEK COWEN, then one of the circuit judges.

The suit was brought for the seduction of a daughter of the plaintiff, of the age of about *seventeen*, whilst she was a member of the family of her father. She became a mother in April, 1835, and this suit was commenced on the *thirteenth* day of *September* preceding, after she became preg-

nant.  On her examination in chief, she testified that she
was persuaded by the defendant to swear the child upon
some person other than himself, on his promising that if she
would do so, he would marry her, and that she accordingly
made oath before a justice, on the *fifth* day of September,
that the child with which she was pregnant was begotten
by *Benjamin Flanagan*, a fictitious person.  The justice
took her examination and reduced it to writing, which she
signed ; but he testified that this was done without any ap-
plication from the overseers of the poor.  The plaintiff also
proved by a practising physician that about the first of Sep-
tember, 1834, the defendant repeatedly applied to him for
drugs to produce an abortion, and upon one of those occa-
sions told him that the female gotten with child was the
plaintiff's daughter.  This physician stated that he had told
two individuals that the defendant did not mention the name
of any girl in the conversations had with him.  The coun-
sel for the defendant objected to the physician's testifying to
any thing that was said by the defendant when applying for
medical advice, whether such advice was for himself or an-
other ; but the objection was overruled.  The evidence be-
ing closed, the counsel for the defendant requested the judge
to charge the jury, that to sustain the action it was neces-
sary the plaintiff should have proved loss, expense or dam-
age, before suit brought, in consequence of the seduction ;
that the daughter was an incompetent witness, by reason of
the oath taken before the magistrate ; or if not incompe-
tent, that she was not entitled to belief.  The judge charged
the jury that the daughter being in her minority, a member
of the family of her father, and under his control at the time
of the seduction, no loss, expense or damage, prior to the
suit, need be shown ; it was enough to prove the seduction.
That the oath taken by the daughter before the magistrate
not having been taken on the application of the overseers
or superintendents of the poor, was extra-judicial, and did
not disqualify her as a witness ; but that in consequence of
such oath, no reliance could be placed upon her testimony
given at the trial, otherwise than as it was confirmed by the
evidence of the physician ; and if they believed him, they

Hewitt v. Prime.

must find for the plaintiff, otherwise for the defendant. The jury found for the plaintiff. The defendant asks for a new trial.

*A. C. Hand,* for the defendant.

*G. A. Simmons,* for the plaintiff.

*By the Court,* NELSON, Ch. J. The witness, (the physician,) I think, was not privileged. It is very doubtful whether the communication made to him by the defendant can be considered as consulting him professionally, within the meaning of the statute; and it is certain that the information given was not essential to enable him to prescribe for the patient, if the daughter of the plaintiff should be considered a patient in respect to the transaction. 2 R. S. 406, § 73.

The judge ruled in the course of the trial, that no *actual loss of service, expense* or *damage,* prior to the commencement of the suit need be shown; that the proof of the seduction was sufficient under the circumstances, pregnancy having ensued, and the daughter being a minor and a part of her father's family at the time. It is now fully settled both in England and here, *Maunder v. Venn,* 1 Mood. & Malk. 323, Peake's N. P. 55, 233, 2 Stark. Ev. 721, 9 Johns. R. 387, 2 Wendell, 459, 7 Carr. & Payne, 528, that *acts of service* by the daughter are not necessary; it is enough if the parent has a right to command them, to sustain the action. If it were otherwise, says Littledale, J. in *Maunder v. Venn,* no action could be maintained for this injury in the higher ranks of life, where no actual services by the daughter are usual. After this, I do not perceive how we can consistently maintain that proof of actual *loss of service* is indispensable to uphold the action. If it may be sustained upon the mere right to claim them, or in the language of the cases, upon the supposed services, where none were ever rendered in fact, the ground of it, in the supposed case, precludes the possibility of any actual loss.

Such is the spirit of the more recent cases, as will be seen by a reference to those above cited.

It was conceded by Hullock, serjeant, for the defendant in *Revell* v. *Salterfit*, 1 Holt, 450, that in most of these cases, the condition of service was regarded as a mere conveyance to the action. It was the form, he said, through which the injury was presented to the court; and having obtained its admission, upon legal principles, it brought along with it all the circumstances of the case.

The ground of the action has often been considered technical, and the loss of service spoken of as a fiction, even before the courts ventured to place the action upon the *mere right to claim* the services; they frequently admitted the most trifling and valueless acts as sufficient. In the case of *Clark* v. *Fitch*, 2 Wendell, 459, there was no proof of actual loss. And *Martin* v. *Payne*, 9 Johns. R. 387, was decided upon the ground that none were necessary. The only actual *liability* of the father that appeared in the former case, were for the expenses of the lying in, which have never been regarded as the foundation of the suit; they are received in evidence only by way of enhancing the damages. It is apparent from a perusal of the modern cases, and elementary writers in England, upon this subject, that the old idea of *loss of menial services*, which lay at the foundation of the action, has gradually given way to more enlightened and refined views of the domestic relations; these are, that the services of the child are not alone regarded as of value to the parent. As one of the fruits of more cultivated times, the value of the society and attentions of a virtuous and innocent daughter, is properly appreciated; and the loss sustained by the parent from the corruption of her mind and the defilement of her person, by the guilty seducer, is considered ground for damages, consistent even with the first principles of the action. The loss of these qualities, even in regard to menial services, would necessarily greatly diminish their value.

The action then, being fully sustained, in my judgment, by proof of the act of seduction in the particular case, all the complicated circumstances that followed come in by

way of aggravating the damages. It is not necessary that these should all transpire before suit brought; if they are the natural consequences of the guilty act, they are but the incidents which attend, and give character to it.

Upon these views I concur with the learned judge who reviewed the case below, in denying a new trial.·

New trial denied.