Knight v. Wilcox.

Motion for a new trial denied.

[CAYUGA GENERAL TERM, June 6, 1853. *Selden*, *Johnson* and *T. R. Strong*, Justices.]

◆

## KNIGHT *vs.* WILCOX.

To sustain an action for seduction, the loss of services need not be great. Slight loss is sufficient.

It is not necessary that the female should have rendered any considerable services, previous to the seduction. If she became, in consequence of the seduction, incapacitated in any material degree, for rendering any services which the plaintiff might lawfully demand of her, it is all the law requires.

Although usually in actions for seduction, pregnancy and the birth of a child are proved, which is sufficient evidence of loss of service, yet it is not important to the right of action that the loss has resulted in any particular way.

It is enough if a loss has been occasioned, which is a legal, natural and direct consequence of the wrong. If sickness of the servant is produced by shame for her defilement, whereby she is unable to labor, the loss is one of that character.

THIS was an action for the seduction and debauching of the plaintiff's daughter. The proof, upon the trial, was that the daughter was about sixteen years of age; that she was the youngest child of the family and the only one remaining at home with her parents, by whom she was supported; that she had been accustomed to help her mother about the house-keeping. That after the seduction she appeared to feel very bad, and kept in her room; that she complained of being sick, and appeared to be so; but the witness discovered no other illness than what might have resulted from her grief, and her shame at the exposure of her conduct. The court granted a nonsuit, on the ground that the plaintiff had not proved any loss of services.

*E. A. Hopkins*, for the plaintiff.

*T. Hastings*, for the defendant.

*By the Court*, T. R. STRONG, J.  It was, undoubtedly, necessary to the maintenance of this action, for the plaintiff to prove a loss of the services of his daughter in consequence of the seduction.  The only legal foundation of the action is an injury to him in the relation of master and servant, by a loss of his servant's services.  For the injury to the daughter, for the disgrace brought upon her, for the dishonor and. mental suffering occasioned to himself and his family, and the deprivation of the comfort of the society of his child, uncorrupted and undefiled, no action is allowed by law.  The right of the plaintiff to sue is the same as that of any master, in a case where his female servant, whether connected with him by ties of blood or not, has been debauched, or any other wrong has been done to his servant, and no greater.  In all such cases, loss of services is the only ground upon which an action can be supported. (*Bartley* v. *Richtmyer*, 4 *Comst.* 38, *and cases there cited.*) In respect to the damages which may be recovered, where a right of action exists, there is an important distinction between cases of debauching female servants, and other injuries to servants ; in the former, the loss of services is not the measure of damages, but the entire wrong to the master, to his character and feelings, as well as in respect to his right to services, may be considered, and exemplary damages allowed ; but in the latter the damages must be measured by the pecuniary loss. (*Reeve's Dom. Rel.* 291.  *Ingersoll* v. *Jones*, 5 *Barb.* 664. *Whitney* v. *Hitchcock*, 4 *Denio* 461.  *Cowden* v. *Wright*, 24 *Wend.* 429.)

The loss of services, to sustain the action, need not be great ; slight loss is sufficient.  It is not necessary that the daughter should have rendered any considerable services previous to the seduction ; if she became, in consequence of it, incapacitated in any material degree, for rendering any services which the plaintiff might lawfully demand of her, it is all the law requires. (*Bartley* v. *Richtmyer, above referred to.*)  Usually, ·

in actions for the seduction of female servants, pregnancy and the birth of a child are proved, which is sufficient evidence of loss of service. But it cannot, upon principle, be important to the right of action that the loss has resulted in any particular way. It is enough if a loss has been occasioned, which is a legal, natural, and direct consequence of the wrong. If sickness of the servant is produced by shame for her defilement, whereby she is unable to labor, I think the loss is one of that character. In *Manvell* v. *Thomson*, (2 *Car. & Payne*, 303,) which was an action for the seduction of the plaintiff's niece and servant, in which the plaintiff was allowed to recover, the only evidence of loss was, that when the female returned to her uncle's house, after she had been seduced and abandoned by the defendant, she was in a state of very great agitation, and continued so for some time; that she received medical attendance, and was obliged to be watched lest she should do herself some injury. (*See Vanhorn* v. *Freeman*, 1 *Halst.* 322, 323. *Chit. Black.* 143, *n.* 30. *Hewit* v. *Prime*, 21 *Wend.* 79.) In *Ford* v. *Monroe*, (20 *Wend.* 210,) it was held that the plaintiff was entitled to recover damages occasioned by his wife's sickness consequent upon the death of his son, from the negligence of a servant of the defendant. Nelson, Ch. J., who delivered the opinion of the court, says the damages were "the direct consequence of the principal act complained of."

The evidence in this case, of loss of service, is, that a few weeks after the seduction, the fact of the daughter having been debauched became known to the plaintiff's family, upon which she gave up her duties about the house which she had been accustomed to perform, kept her room, and appeared to be sick and unhappy, and complained of being sick. Although this evidence might not have established the point to be proved, to the satisfaction of the jury, I am of opinion that the plaintiff was entitled to have it submitted to them, and that the justice at the circuit erred in granting a nonsuit.

New trial ordered; costs to abide the event.

[CAYUGA GENERAL TERM, June 6, 1853. *Selden, Johnson* and *T. R. Strong*, Justices:]