Stevenson v. Belknap.

STEVENSON *v.* BELKNAP.

A father may maintain an action for the seduction of his daughter, after she has attained her majority, if the seduction took place while she was a minor.

The attaining the age of majority by the daughter, does not take away the father's right of action; nor is it either taken away or negatived by the provisions of the statute, which gives to the unmarried female the right to prosecute an action for her own seduction.

In an action by the father for the seduction of his minor daughter, brought after the female has arrived at her majority, the damages of the father are not restricted to the loss of service, and the actual expenses incurred, but he may recover exemplary damages.

Where actions for the seduction are brought both by the father and the daughter, the jury may consider every fact which goes to the injury of the plaintiff, whether in mind, body, or estate, and may give damages commensurate with the injury sustained. In each case, the proof will be confined to the damages resulting to the plaintiff alone, and not to another, nor to the plaintiff, jointly with another.

In cases of seduction, where the female is a minor, the injury to the

Stevenson v. Belknap.

father is distinct from the injury to the daughter. They are different in character, and there is nothing incompatible, or inconsistent, in the idea of both resulting from the wrongful act of the same party.

In an action by a father, for the seduction of his minor daughter, it may be shown to the jury, in aggravation of damages, that the defendant visited the daughter as a suitor, and used arts, flattery, pursuasion and promises, to induce her to have connection with him.

In such an action, damages may be given, not only for the loss of services, and actual expenses incurred, but also, on account of the wounded feelings of the plaintiff, and his anxiety, as the parent of other children, whose morals may be corrupted by the example.

Where, in an action by a father, for the seduction of his minor daughter, the defendant asked the court to instruct the jury as follows: "That if the daughter was a minor at the time of the seduction, and the suit was not brought by the father during her minority, that then the right of action was in the daughter alone, and the action cannot be maintained by the father," which instruction was refused by the court: *Held*, That the instruction was properly refused.

## *Appeal from the Jones District Court.*

### THURSDAY, JUNE 19.

This was an action by the plaintiff to recover damages for the seduction and debauching of his daughter, by defendant. Exception was taken on the trial to instructions given to the jury, by the court, at the request of the plaintiff, and to the refusal of the court to give certain instructions asked by defendant. The jury found for the plaintiff, and assessed the damages at $3,000. Defendant appeals. The instructions will be found sufficiently stated in the opinion of the court.

*Henry & McCarn*, for the appellant.

I. The old form of action, *per quod servitium amisit*, was wholly technical in form, and was founded in legal fiction. *Clark* v. *Fitch*, 2 Wend., 261; *Hewitt* v. *Phiner*, 21 Ib., 82. This form of action has been abolished by the Code. Section 1733.

II.   Section 1696, of the Code, gives to unmarried females the right to prosecute an action for their own seduction, in their own names.   This remedy is not cumulative.   *Gover* v. *Dill*, 3 Iowa, 342.

III.   Where a statute gives a remedy to redress a particular injury, no other mode can be pursued, and no other person, than those pointed out, can employ the remedy. 1 Kent Com., 517; Smith on Stat. and Com. Law, 898; 10 Johns., 389; Plowden, 206; 1 Vermont, 152; *The Newburgh Turnpike Co.* v. *Miller*, 5 Johns., 101; *Lessee of Moore* v. *Vance*, 1 Ohio, 10; *Camden* v. *Wright*, 24 Wend., 428.

IV.   The plaintiff is limited in his recovery to the loss of service, and actual expenses incurred, and could not recover exemplary damages.   *Camden* v. *Wright*, 24 Wend., 428; *Edmonson* v. *McKell*, 2 T. R., 4; *Whitney* v. *Hitchcock*, 4 Denio, 463; *Clarke* v. *Fitch*, 2 Wend., 464.

V.   Exemplary damages are not allowed in any case, unless authorized by statute.   1 Murray Jury Ct. Rep., 337; 9 Law Reporter, 529; 2 Black. Com., 438; Coke Litt., 257: Soyer on Damages, 1; 2 Greenl. on Ev., 253; 4 Blackf. 277; 3 Am. Jurist, 293.

VI.   The father cannot recover damages for his wounded feelings, nor for his anxiety, as the parent of other children, whose morals may be corrupted by the example.

VII.   Nor can the plaintiff enhance his damages by showing that the defendant visited the house as a suitor of the daughter, and that he succeeded by means of a promise of marriage.   *Foster* v. *Scofield*, 1 Johns., 299; *Clark* v. *Fitch*, 2 Wend., 465; 3 Campbell, 463; *Gover* v. *Dill*, 3 Iowa, 340; *Sargent* v. *Dennison*, 5 Cow., 116; *Martin* v. *Payne*, 9 Johns., 387.

*Isbell, Hubbard & Stephens*, for the appellee, cited the following authorities:  *Boyd* v. *Bird*, 8 Blackf., 113; *Bedford* v. *McKowl*, 2 Esp. N. P., 119; *Andrews* v. *Askey*, 8 C. & P., 7; *Irwin* v. *Dearman*, 11 East., 24: 2

Greenl. Ev., sec. 579.; Sedgwick on Dam., 542 ; 3 Stephens N. P., 2356 ; *Ackerly* v. *Haines*, 2 Caines, 292.

STOCKTON, J.—The questions arising under the first, second, third and fourth heads of the assignment of errors, have not been discussed by defendant, but have been abandoned by him. Our examination of the errors assigned, will be confined to those arising under the fifth and sixth specifications, and growing out of the instructions given and refused by the court.

At the request of the plaintiff, the court charged the jury, that " if the daughter of the plaintiff was a minor, at the time of the seduction, alleged in the petition, and if she was seduced and debauched, as alleged, a right of action accrued to the plaintiff at the time of the seduction." The defendant, on the other hand, asked the court to charge, that " if the daughter was a minor at the time of the seduction, and the suit was not brought by the father for the injury during her minority, that, then, the right of action was in the daughter alone, and the action cannot be maintained by the father." This instruction asked by the defendant, was refused by the court. We think there was no error in such refusal, nor in giving the instruction asked by the plaintiff. The remedy is given to the father for the seduction of his minor daughter, (Code, sec. 1697), and he may maintain the action after she has attained her majority, for her seduction while a minor. The attaining the age of majority, by her, does not take away the father's right of action ; nor is it either taken away or negatived by the provisions of the statute, which gives to the unmarried female the right to prosecute an action for her own seduction. Code, sec. 1696 ; 2 Greenleaf's Evidence, sec. 572 ; 3 Steph. N. P., 2353.

We are next to consider what facts the plaintiff may give in evidence, in aggregation of damages; and for what exemplary damages may be given. It is urged by defendant, that as the statute authorizes the daughter to sue in her own name, for her seduction, and to recover damages

Stevenson v. Belknap.

for all the injury she may have sustained, the father, in any suit brought by him, is not entitled to exemplary damages, and can only recover for the loss of service, and the actual expense of sickness. We do not concur in these views. Under the old system of pleading, the action for seduction was eminently a legal fiction: it was based upon the relation of master and servant, and upon the loss of service, in consequence of the seduction. Though the rule has, in England, been relaxed as to what damages may be allowed, yet as to the right of recovery, the English authorities still adhere to the idea on which the action is founded, and where there is no loss of service, there can be no relief. *Grinnel* v. *Wells*, 7 Manning and Granger, 1033. Our statute has so far swept away these fictions, as to provide a remedy, not for the father only, but for the daughter also; and not only may she prosecute an action in her own name for her seduction, but where she is, at the time of the seduction, a minor, her father, mother, or guardian may maintain an action, though she be not living with, nor in the service of, the plaintiff, and though there be no loss of service. Code, secs. 1696, 1697. The providing a remedy for the daughter, should not be construed as taking away that of the father, or as restricting his damages to the loss of service, or actual expenses incurred; especially since the relation of master and servant need not he shown to exist, and there may have been no actual loss of service proved.

Upon the question whether the father may not maintain the action, though the daughter be of full age, if living in his family, and rendering him service, we do not wish to be understood as expressing any opinion. See *Clark* v. *Fitch*, 2 Wend., 462; 10 Johns., 117; 5 Cow., 115.

It is urged as a further reason why the plaintiff should not recover in this action, for more than the loss of service, and actual expenses incurred, that defendant is still liable to an action for seduction by the daughter; and if the father may recover exemplary damages, it may result in their being twice claimed against him in a civil suit, and

the defendant is in danger of being twice punished for the same injury.   It is not necessary for us to inquire, at this time, what the rule of damages should be in an action by the daughter as plaintiff.   If actions are brought by both the father and the daughter, we suggest that the jury may consider every fact which goes to the injury of the plaintiff, whether in mind, body, or estate; and may give damages commensurate with the injury sustained.   The proof will be confined, in each case, to the damages resulting to the plaintiff alone, and not to another; nor to the plaintiff jointly with another.   The injury to the father is distinct from the injury to the daughter.   They are different in character, and there is nothing incompatible or inconsistent in the idea of both resulting from the one wrongful act of defendant.   In the present cause, we see no good reason why the rule as to plaintiff's damages, should be changed. When the action was based upon the mere loss of service, the damages were very much at large, and in the discretion of the jury; and exemplary damages might always be given.   *Ingersoll* v. *Jones*, 5 Barb., 661; Sedgwick on Damages, 542.   Much more may exemplary damages be now given, when the jury are to look, not to the loss of service, but to the damages resulting from all that the father can feel, from the nature of the injury.

The court charged the jury, that "if the defendant visited the daughter of plaintiff as a suitor, and used arts, flatteries, pursuasions, and promises of marriage, to induce her to have connection with him, these facts may be considered by them in aggravation, and to increase the plaintiff's damages."   We think there was no error in this instruction.   The objection taken to it by defendant, that plaintiff was not entitled to give in evidence a breach of promise of marriage, in order to enhance the damages, is made under a misapprehension of the language and tenor of the instruction.   The language does not necessarily refer to a promise of marriage, nor to a breach thereof by defendant. No proof of such promise was sought to be given to the

jury. The law is well settled, as claimed by defendant, that no evidence can be given of any such promise either as the basis of the action, or the measure of damages. It is permitted, however, to ask the daughter, whether the defendant was paying his addresses to her in an honorable way. *Dodd* v. *Norris*, 3 Campbell, 319. And plaintiff may give in evidence the terms ·on which defendant visited his house, and that he was paying his addresses to the daughter upon the promise, and with the intention of marriage. *Elliott* v. *Nicklin*, 5 Price 641 ; *Sullidge* v. *Wade* 3 Wils., 18; *Caprond* v. *Balmond*, 3 Steph., N. P. 2356; Greenleaf Ev: sec. 519.

In *Dover* v. *Dill*, 3 Iowa, 337, which was an action by the female to recover damages for her seduction, it was held by this court, that it was not sufficient for the plaintiff to show alone that defendant had sexual intercourse with her; but she must show that he had accomplished his purposes by some promise or artifice, or that she had been induced to yield to his embraces by his flattery, or deception. If, without being deceived, and without any false promises, deceit or artifice, she voluntarily submits to the improper connection, the law affords her no remedy. Upon these considerations, the court held, that when offered with a view of showing the manner in which the defendant accomplished his purpose, there was no error in suffering plaintiff to prove a promise of marriage. We believe that all the authorities concur, that seduction is generally made out by a train of circumstances; among which may be enumerated, courtship, or continued attentions for a length of time, and the practice of arts and managements, promises and persuasions, calculated to deceive and mislead the too confiding female.

The court further charged the jury, that "damages may be given, not only for the loss of service and actual expenses, but also on account of the wounded feelings of the plaintiff, and his anxiety as the parent of other

children, whose morals may be corrupted by the example.'
It is contended by defendant, that the charge of the
court enlarges the measure of the plaintiff's damages
to an extent not warranted by the authorities; and, while
it is conceded he may recover for the wounded feel,
ings, yet it is urged that he cannot recover for anxiety
of mind caused him as the parent of other children,
whose morals may be corrupted by the example set
before them in the family. This question may be con-
sidered as long since settled, on the authority of Lord
Eldon, while chief justice of the common pleas, in the case
of *Bedford* v. *McKnowl*, 3 Espinasse N. P. 119. "In
point of form, (he says), the action only purports to give
a recompense for loss of service; but we cannot shut
our eyes to the fact, that this is an action brought by
a parent for an injury to her child; in such case, I am
of opinion that the jury may take into consideration, all
that she can feel from the nature of the loss. They
may look upon her as a parent losing the comfort, as
well as the services of her daughter, in whose virtue
she can feel no consolation; and as the parent of other
children, whose morals may be corrupted by her ex-
ample." So, in *Clarke* v. *Fitch*, 2 Wendell, 461, Savage
Ch. J. says: "The action is supported, not so much to
remunerate in damages for the loss of service and ex-
penses incurred, "as to punish the offender for his dis-
honorable and disgraceful conduct, by way of atonement
for the injury inflicted upon the subject of his seductive
arts, and upon her parents and their family." See, also,
*Grabe* v. *Margrave*, 3 Scam, 373.

The old idea of the loss of menial services, which lay
at the foundation of the action, has gradually given way
to more enlightened and refined views of the social
relations. The services of the child are not regarded
as alone of value to the parent. The society and attentions
of a virtuous and innocent daughter, are come to be
properly appreciated; and the loss sustained by the parent
from the corruption of her mind, and the defilement of

her person, by the guilty seducer, is considered ground for damages consistent even with the first principles of the action. *Hewitt* v. *Prime*, 21 Wendell, 82. It was held by Lord Eldon, in *Chambers'* v. *Irwin*, (1800,) cited in note to *Andrews* v. *Askey*, 8 Carr and Payne, 7, that the jury were to look not merely to the loss of service, but to the *wounded feelings* of the party; and by Lord Ellenborough in *Southernwood* v. *Ramsden*, (1805,) that damages may be given for the loss which the father sustains by being deprived of the *society* and *comfort* of his child, and by the *dishonor* which he had received. 8 Carr and Payne, *supra*, and Sedgwick on Damages, 542. The same learned judge held, that where the plaintiff had adopted and bred up the daughter of a friend and comrade, from her infancy, standing as he did to her in the relation of parent, he was entitled to recover damages beyond the mere loss of service, aggravated in this instance by the injury done to the object on whom he had placed his affections. *Irwin* v. *Dearman*, 11 East., 23. In *Andrews* v. *Askey*, 8 Carr and Payne, 7, the jury were directed, that they might give damages for the *distress* and *anxiety* of mind felt by the plaintiff; and in Illinois it has been held, that the jury may award him compensation for the *dishonor* and *disgrace* cast upon him and his family, and for being deprived of the society and comfort of his daughter; the court saying that "in vindictive actions— and this is now regarded as one—the jury are always permitted to give damages, for the double purpose of *setting an example, and punishing the wrong doer.*" *Grabbe* v. *Margrave*, 3 Scam., 373.

As to the rule of damages by which the jury are to be governed in making up their verdict, we remark, as before, that the damages are very much in the discretion of the jury; where the act of seduction is proved, all the aggravating circumstances that follow, come in by way of increasing the damages. *Hewitt* v. *Prime*, 21 Wendell, 82. We think the court did not err in charging that the defendant's attentions to the daughter as a suitor, and the arts,

flatteries, persuasions and promises, made use of by him to accomplish his ends, may be taken into consideration by the jury in estimating the damages. These go to make out, not merely the fact of seduction, but the guilty motive of the act, which enters so largely into the question of damages, and which may influence, to so great an extent, the verdict of the jury, where, as in this action, they are permitted to give as damages more than simple compensation for the actual injury sustained. As resulting from the difficulty in laying down any fixed rule of damages, it has been held, that the action for seduction is exempted, by peculiar considerations, from the interference of courts, on the ground of excessive damages; and unless under extraordinary circumstances, as where the verdict is, so great as to raise the suspicion of partiality or passion, the finding of the jury will not be disturbed. It is their judgment, and not that of the court, which is to determine the amount of damages. *Sargent* v. *Dennison*, 5 Cowen, 106; *McConnell* v. *Hampton*, 12 Johns., 257; *Walker* v. *Smith*, 1. Wash., sec. 152.

Judgment affirmed.