LETITIA A. CLARK *against* SIDNEY DILLON *et al.*

(Decided December 4th, 1876.)

A married woman who lives with her husband and is supported by him, and has no separate business or employment, cannot, in an action to recover damages for personal injuries sustained by her through the negligence of the defendant, under the statute (L. 1860, ch. 90, § 7), which provides that she may bring and maintain the action as if she were sole, recover damages for the loss of her time.

APPEAL by the defendants from a judgment of the court, entered on the verdict of a jury for $5,000, after a trial before Judge VAN BRUNT.

The facts are stated in the opinion.

*Alexander Thain*, for appellants.

*William F. Howe*, for respondent.

JOSEPH F. DALY, J.—The plaintiff, a married woman over 21 years of age, living with her husband and supported by him, having no separate business or employment, was injured by falling into an excavation made by defendants' servants in 4th avenue at the corner of 62d street in this city. · This action was brought by her for damages.   On the trial the judge charged the jury that she might recover for the bodily and mental suffering she had experienced, and also for the loss of her time. The defendant excepted to the charge that she might recover for the loss of her time.

The rule laid down by the judge was undoubtedly correct in an action brought by a man or by a *feme sole*.   The question here was whether the " time" of a married woman is her own in the sense that the loss of the capacity to labor and employ it profitably, is her loss and not her husband's.

The statute which gives the right of action for injuries to the person, declares that a married woman may bring and maintain the action as if she were sole (Laws of 1860, ch. 90, § 7, p.

158). The same and subsequent statutes authorize a married woman to carry on any business or employment separate from her husband, and declare that the proceeds of such business, and the property acquired in it, shall be her separate property. " A married woman may * * * carry on any trade or business, and perform any labor or services, on her sole and separate account, and the earnings of any married woman, from her trade, business, labor or services, shall be her sole and separate property, and may be used or invested by her in her own name" (Id. § 3). This is a distinct declaration that a married woman's time is her own to use to her own profit. Loss of her time is therefore her loss. There might still remain to her husband an action for the loss of her services, and the physician's charges, &c., incurred by him during her illness, as against the person by whose negligence she was injured, but the loss to her of time is wholly distinct from that. The defendant, by a proper request, might have had the attention of the jury called to this distinction, but he asked nothing of the sort. In the same manner he might have requested the court, in this case, to charge that the plaintiff had not shown that she was engaged in any business for herself, but he did not ; he simply excepted to a proposition which, in all cases of personal injury from negligence, is abstractly correct. As the plaintiff, although a married woman and not at the time of the accident engaged in a separate business, *had the right at any time thereafter* to earn money for herself by her own labor, she would seem, if incapacitated from so doing by the injury caused by defendant's negligence, entitled to some consideration in the verdict for the loss of the opportunity for so laboring for her own profit, the same as a man might who was out of employment at the time of a personal injury to himself.

The Court of Appeals, in the case of *Filer* v. *N. Y. Central R. R. Co.* (49 N. Y. 47; quoted and approved in *Brooks* v. *Schwerin*, 54 N. Y. 343), has distinctly held such a charge as that in the case before us to be erroneous, and we have no alternative but to reverse the judgment. The point, however, we have adverted to, that the plaintiff having at all times the *right* to labor on her own account, is entitled to damages for

the deprivation of the *opportunity* to do so, does not seem to have been considered.

Judgment reversed and new trial ordered, costs to abide event.

VAN HOESEN, J., concurred.

Judgment reversed.