JAMES BROWN, Respondent, *v.* THE ROME, WATER-TOWN AND OGDENSBURGH RAILROAD COMPANY, Appellant.

*Evidence — information acquired by a physician is not privileged unless necessary to enable him to act as such — Code of Civil Procedure, sec. 834.*

Upon the trial of this action, brought to recover damages for injuries sustained by the plaintiff while crossing the tracks of the defendant's road in a village street, a physician, who attended the plaintiff professionally immediately after the injury, was examined as a witness for the defendant and testified that he visited the plaintiff professionally three times. The defendant then offered to show by the witness that on the third visit the plaintiff stated to the witness that when coming down the hill which lead to the railroad crossing he heard persons hallooing to him and saw a man swing his hat, but did not think where he was until the train was right on him.

*Held,* that the court erred in excluding the evidence, as inadmissible under section 834 of the Code of Civil Procedure, as the information called for, although acquired while attending the patient in a professional capacity, was not "necessary to enable him to act in that capacity."

*Hewitt* v. *Prince* (21 Wend., 79); *Edington* v. *Etna Life Insurance Company* (77 N. Y., 564); *Pierson* v. *The People* (79 id., 424); *Renihan* v. *Dennin* (103 id., 573) followed.

APPEAL from a judgment in favor of the plaintiff, entered in St. Lawrence county, upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was for injuries to the plaintiff and his property at a street crossing in the village of Hilverton, St. Lawrence county, alleged to have been caused by the negligence of the defendant's agents and servants in the running of its train through the village. On the trial the plaintiff obtained a verdict for $2,100, on which

judgment was entered, with costs. A motion for a new trial on the minutes of the court was denied, and exception was entered. The defendant appealed.

*Edmund B. Wynn,* for the appellant.

*George W. Hurlbut* and *Thomas Spratt,* for the respondent.

BOCKES, J.:

·A case was made for the jury on the evidence, as we think, as well on the question as to the defendant's liability for negligence as also· on the question of contributory negligence on the part of the plaintiff. The motion for nonsuit was properly denied, and no exception was taken on the giving of the case to the jury. There were several rulings by· the court during the progress of the trial excepted to by the defendant on matter of evidence, one of which only is. deemed of serious moment.

It was· proved that the· plaintiff approached the crossing where the injury occurred on a descending grade in the highway. Doctor Setin, who attended the plaintiff professionally immediately following the injury, was examined as a witness for the defendant, and testified that he visited the plaintiff professionally three times. The defendant then offered to show by the witness that on the third visit the plaintiff stated to witness that when coming down the hill he heard persons hallooing to him, and saw a man swing his hat, but didn't think where he was until the train was right on him. This evidence was excluded, against exception, on the ground that witness·was a physician, and as a physician he had the conversation with plaintiff, which it was proposed to prove, in a confidential relation, and witness was incompetent to give the evidence under section 834 of the Code of Civil Procedure.

In this ruling there was error. The materiality of the evidence offered is unquestioned. It bore directly on the subject of plaintiff's negligence, and was therefore· pertinent to the case. The section of the Code on which its exclusion was based is as follows: "Sec. 834. A person duly authorized to practice physic or surgery shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity." ·This is substan-

tially a re-enactment of the Revised Statutes. (2 R. S., m. p. 406, § 73.) Effect must be given to the last clause of this section. This point was marked and inferentially decided in *Hewitt* v. *Prince* (21 Wend., 79), a case considered under the provision of the Revised Statutes, as was also *Edington* v. *Ætna Life Insurance Company* (77 N. Y., 564). In this case Judge EARL says: " Before information can be excluded under this statute it must appear that it was such as the physician acquired in some way while professionally attending a patient, and it must also be such as was necessary to enable him to prescribe as a physician, or to do some act as a surgeon. It is not sufficient to authorize the exclusion that the physician acquired the information while attending his patient, but it must be the necessary information mentioned. If the physician has acquired any information which was not necessary to enable him to prescribe or to act as a surgeon, such information he can be compelled to disclose, although he acquired it while attending the patient, and before the exclusion is authorized the facts must in some way appear upon which such exclusion can be justified."

The rule is the same under the Code, and it has been so explicitly held. (*Pierson* v. *The People*, 79 N. Y., 424, 432, 433, 434.) There is nothing to the contary in *Grattan* v. *Mutual Life Insurance Company* (80 N. Y , 281), and in *Renihan* v. *Dennin* (103 id., 573) it was again laid down that the exclusion extended only to such information as was necessary to enable the physician to act. It is entirely plain that the evidence here excluded was not of such a character. It had no relation whatever to the plaintiff's condition, and was in no respect necessary to enable the physician to act in his professional capacity. Because of the exclusion of the evidence as offered there must be a new trial.

The judgment and order appealed from should be reversed, new trial ordered, costs to abide event.

Present — LEARNED, P. J., LANDON and BOCKES, JJ.

Judgment and order reversed and new trial granted, costs to abide event.