Andrews, J.
It seems to be the doctrine of the law of England that the right of a parent to maintain an action for an injury to his minor child from the tortious act of a third person, is founded exclusively upon the loss of service, and that the parent has not remedy even for expenses incurred, unless the child is old enough to be capable of rendering some act of service, and the relation of master and servant, express or implied, exists between them (Grinnell v. Wells, 7 Man. & Gran. 1041; Addison on Torts, 902).
But when the action is maintainable on the ground of loss of service, then both by the law of England and of this country, the parent may claim indemnity, not only for the actual loss of service to the time of the trial, but also for any loss of service during the child’s minority, which in the judgment of the jury and according to the evidence will be sustained in the future, and for expenses necessarily incurred by the parent in the cure and care of the child in consequence of the injury (Cowden v. Wright, 24 Wend. 429; Drew v Sixth Ave. R. R., 26 N. Y. 49; Dixon v. Bell, 1 Stark. 287, Schouler's Dom. Rel. 351).
The English rule which denies to the parent any remedy for medical or other expenses incurred in consequence of the injury to the child, except as incident to the loss of service, ignores the parental relation and obligation as an independent ground of recovery, although it may be manifest that the parent has sustained a pecuniary loss as the proximate result of the wrong. The court in Massachusetts, in the case of Dennis v. Clark (2 Cush. 347), held a more liberal, and, as it seems to us a more reasonable and equitable doctrine, and decided that when an infant, residing with his father, receives an injury such as would give the child a right of action, the father, who is put to necessary expense In the care and cure of the child, may maintain an action for indemnity, although the child was, by reason of his tender *4 age, incapable of rendering any service. This doctrine casts upon the wrong-doer responsibility for a pecuniary loss flowing from his wrongful act, actually sustained by the parent in the discharge of his parental obligation to care for and maintain his infant children.
But there is another phase of the question presented in the present case; the mother, the father being dead, brings her action founded upon loss of service for an injury to her minor child, and is permitted to recover, not only prospective damages for loss of service during the fifteen years before the child will reach her majority, but also for surgical expenses which have not been in fact incurred and the incurring of which is not presently necessary, but which, in the opinion of experts examined on the trial, it will become necessary to incur in consequence of the injury at some time during the child’s minority.* The trial judge, with a view to the ascertainment of this item of damages, permitted a surgeon, against the objection of the defendant, to testify that the expense of an operation which in his judgment would become necessary at some remote period during the child’s minority, would be $300. In other words, the jury were permitted to include as a part of the damages in *5 the action, the value of contingent and prospective surgical services.
The right of the parent, in an action for loss of service of a child disabled by a tortous injury, to recover for prospective loss of service during the child’s-minority is well-settled. These damages are, however, of necessity to a great extent speculative or conjectural. There are many contingencies which may deprive the parent of the services of a child, and even make the child a pecuniary burden to the parent, although the particular injury had not happened. The child may die from disease or other accident, or the parent may die. The prospective damages for loss of service recoverable in such a case as this, may never in fact be sustained. But as only one action can be maintained against a wrongdoer for a single wrong, the law from necessity permits consequences not yet fully ascertained, but which are reasonably certain to happen, to be anticipated, and a jury is allowed to estimate the damages for future loss of service in the light of experience and of such evidence as can be given.
The damages allowed in this case for prospective surgical expenses, have still another element of uncertainty. If recoverable by the parent, it must be upon the ground of the parent’s obligation to maintain the child. But not only may the parent die or the child die, thereby rendering the surgical expenses unnecessary, but the parent may become wholly unable to pay for the services, if required, or the child may be treated in a hospital or at public expense, as was in fact the case in this instance, when the child’s leg was amputated. There is adequate reason for permitting the parent to recover medical or other expenses actually incurred, consequent upon an injury to the child from the wrongful act of a third person. In case of an injury to a minor child, whose parents are living,, there is a double right of action; an action by the child, and an action by the parent. In the child’s action, plainly, there can be no recovery for expenses actually incurred by the parent, and so far a double recovery is prevented. But it is not so plain that the child may not *6 recover, as part of his damages, all the proximate pecuniary consequences of his disability,'including such medical and other expenses as under the evidence the jury shall find it will be necessary in the future to incur. The denial of this right would in many cases deprive tire child of the means of necessary relief. It cannot, I suppose, be doubted that, the parents being dead, all the future consequences of the injury and necessary‘expenses flowing from the disability, would be proper elements tobe considered by the jury in an action brought by the child, nor is there much doubt that these considerations enter into every verdict rendered in an action brought by a minor for his personal injury. There is, perhaps, a logical difficulty in denying the right of the parent to recover the damages now in question, but the same difficulty attends a denial of the child’s right. It appears by the record that the child has brought an action and has recovered her damages.
In the absence of "controlling authority we are of opinion that in an action by a parent founded on loss of service of the child, only expenses actually incurred by the parent for medicine or medical attendance, or which are immediately necessary to be incurred, are recoverable as incident to the main causes of action, and that future, prospective, contingent expenses of this kind are recoverable only in an action by the child. The parent in an indirect way is benefited by a recovery by the child, and this rule will be most likely to-accomplish justice and prevent a double recovery in such cases. The obligation of parents to maintain and provide for their children has its most effectual sanction in the natural affections. The law at best can but imperfectly enforce it. It does not undertake to do so directly until children have become, or are likely to become, a public charge. The law of necessaries is so limited and guarded that the wants of children can only be supplied under this rule in exceptional cases. The legal obligation of maintenance and support resting on the mother is especially imperfect.
In all cases it necessarily can be enforced only in cases of *7 the pecuniary ability of the parent, and in case of the mother, the child’s means are first chargeable with his support (Furman v. Van Sise, 56 N. Y. 435). A recovery in the child’s action for a personal injury for prospective medical services, where the fund recovered is usually preserved though a guardian or in other ways, will be most likely to secure such services when needed. Whether in any view the attempt to fix a definite sum for contingent expenses which may never be incurred, was not pushing the evidence further than is permissible, need not be considered.
These views lead to a reversal of the judgment.
All the judges concurred.
Note on Concurrent Actions for tub Same Wrong.
1. Husband’s action for injury to wife.
Filer v. N. Y. Central R R. Co., 49 N. Y. 47; s. c., 10 Am. R. 327.
L. 1860, c. 90, as amended by L. 1862, c. 172, does not take from • the husband the right to recover for the loss of service of his wife, caused by the wrongful act of another.
Jones v. Utica & Black River R. R. Co., 40 Hun, 349.
In a husband’s action to recover damages for injuries suffered by his wife by reason of the defendant’s negligence, it was held that he was entitled to recover all expenses incurred by reason of the injury, and also such damages as would fairly compensate him for the injury which he had sustained in the loss of the society and services of his wife.
Cregin v. Brooklyn Crosstown R. R. Co., 18 Hun, 368.
In an action brought by a husband to recover the damages caused by an injury to his wife, occasioned by the negligence of the defendant, the husband died before the trial and some two years after the accident. It appeared that before the accident the wife did all the housework for her husband and three children, assisting in taking charge of a store, and earned by sewing sometimes as much as twenty dollars a week. All her earnings were used to support the familv. Held, that the plaintiff, the administrator of the deceased husband, was properly allowed to recover for the loss of earnings of the wife, as well as for the loss of her services.
Sloan v. N. Y. Central R. R. Co., 1 Hun, 540; s. c., 4 Supm. Ct. (T. & C.) 135. [Following Filer v. N. Y. Central R. R. Co., 49 N. Y. 47].
In a husband’s action brought to recover for the loss of service *8 •of his wife, resulting from injuries caused by negligence, he is entitled to recover for such loss of service. But he cannot recover for the pain and suffering endured by his wife; although proof of this pain and suffering may be admissible to prove the extent of the injury and the consequent duration of the loss of service.
Schnell v. Blohm, 40 Hun, 378.
An action for crim. con. is not defeated by a recovery and satisfaction in a former action between the same parties for enticing away the wife. [Citing Hutcheson v. Peck, 5 Johns. 196, 205.]
Nor by the fact that the wife has, previously to the acts complained of, obtained a divorce from plaintiff in another State, where such divorce is invalid here. [Citing O’Dea v. O’Dea, 101 N. Y. 23.]
Neeson v. City of Troy, 29 Hun, 173.
Judgment for the plaintiff in an action for personal injuries through defendant’s negligence, is not conclusive of the fact of negligence in an action by the plaintiff's husband for loss of service; the rule that judgments bind privies has no application.
Compare, however, Anderson v. Third Ave R. R. Co., 9 Duly, 487, which was an action by a father to recover damages alleged to have been sustained by him, from injuries to his infant son, arising from the negligence of the defendant. The complaint alleged a former judgment in favor of the son in an action by him against the same defendant for damages for the same injury. A motion was made by the defendant to strike out of the complaint the averment of the recovery of the judgment.—Seld, that the judgment could be properly offered in evidence to establish the defendant’s negligence.
2. Wife's action for injury to herself.
Filer v. N. Y. Central R. R. Co., 49 N. Y. 47; s. c., 10 Am. R. 327.
A married woman, suing for damages for personal injuries caused by defendant, can only recover for the direct injury, unless she was engaged in carrying on business, trade or labor, upon her sole and separate account, in pursuance of a statute permitting her to do so.
Fitzsimons v. City of Rome, 21 Weekly Dig. 343.
Where the husband of the plaintiff is a cripple,and has been supported by her for years from the avails of the farm, which she owns and cares for, and by her work for others,—she is entitled in an action for damages for injuries sustained through defendant’s negligence assented to by her husband, to recover the loss by reason of inability to labor and care for her property, and for expenses necessarily incurred by reason of the injury.
*9 And the court say “ defendant has sustained no injury, and is exposed to no hazard by the rule adopted, for the husband having assented to the wife’s prosecution of a suit for the recovery of such damages, is estopped from prosecuting a suit in his own behalf for the same damages.” -i
Clark v. Dillon, 6 Daly, 526.
A married woman, living with and supported by her husband, cannot, in an action brought to recover for injuries caused by negligence, recover damages for Tier loss of time ; although it seems that an opportunity to labor en her own account in the future might be taken into .consideration as an item of damage.
Minick v. City of Troy, 19 Hun, 253.
In an action by a married woman for injuries received, it is proper to ■charge “that she can only recover for such loss of services as she has sustained herself and towards herself.”
Brooks v. Schwerin, 54 N. Y. 843.
It seems, that services rendered by the wife in the household, while ■she is also engaged in another’s employ, belong to her husband, and so far as injury to her causes the loss of such services to him, he, and not she, can recover.
Since L. 1860, c. 90, when a married woman labors for another than her husband or family, she can, in her own name, recover damages from ■a wrong-doer for an injury to her person which disables her from performing such labor. Ib.
Houghkirk v. Delaware & Hudson Canal Co., 20 Weekly Dig. 558.
A married woman, living with her husband, and not carrying on any separate business, cannot, in any action brought by her for personal injuries, recover damages by reason of her “ inability to labor,” the right to recover on that ground being vested in her husband.
Burnham v. Webster, 25 Weekly Dig. 456.
A recovery cannot be had in an action by a married woman for assault and* battery and false imprisonment, for money expended by her husband in the employment of a physician and traveling and other expenses in endeavoring to cure his wife of her injuries.
3. Actions by parent or child and by master or servant.
Whitney v. Hitchcock, 4 Den. 461.
A parent in an action for an assault upon his infant daughter, is entitled to recover for the loss of service or other actual losses only. But exemplary damages, by way of punishment for an aggravated •assault, can be recovered only in the child’s action.
*10 Supm. Ct., 1838, Ford v. Monroo, 20 Wend. 210.
The father, in an action for the negligent killing of his child, was-permitted to recover for the consequent sickness of the mother, and the loss of the child’s services from the time of his death to his attaining majority, these having been specially laid.
This case is disapproved in Green v. Hudson River R. R. Co., 2 Abb. Ct. App. Dec. 277, which was an action brought by a husband as such for damages to himself by being deprived of the society and assistance of his wife, caused by the defendant’s negligence resulting in her death. The action was held not maintainable, because the statute (L. 1847, c. 450) extended the action only to the personal representatives-of the deceased for the benefit of the widow and next of kin, and not to the husband.
Ford y. Monroe was decided in 1838, before the statute was enacted. For further criticisms of that case, see cases criticised, p. 272.
Gilligan v. N. Y. & Harlem R. R. Co., 1 E. D. Smith, 453.
In an action brought by a parent for the loss of service of his-child, in consequence of an injury received by negligence of defendant’s servant, prospective loss of service cannot be recovered, unless-alleged as special damage.
Kennedy v. N. Y. Central, &c. R. R. Co., 35 Hun, 186. .
A widow is entitled to the services of her infant son, and may maintain an action for loss of services resulting from his injuries by the negligence of defendant, without proof of actual services rendered by the son. [Following Gray v. Durland, 50 Barb. 100; Simpson v. Buck, 5Lans. 337; Furman v. Van Sise, 56 N. Y. 435, and citing Shear. & R. on Negl. § 608a; White v. Nellis, 31 N. Y. 405, 407; Hewit v. Prime, 21 Wend. 79; Mulvehall v. Millward, 11 N. Y. 343; Certwell v. Hoyt, 6 Hun, 575, 577.
What amounts to emancipation, so that the child and not the-parent may sue for his services, see Lind v. Sullestadt, 21 Hun, 364.
4. Actions by representative for causing death after action by injured' person while living.
Littlewood v. Mayor, &c. of N. Y., 89 N. Y. 24.
A recovery by an injured party during his life bars an action by his representatives brought after death against the same defendant, for the same injury. [Overruling Schlichting v. Wintgen, 25 Hun, 626.].
*11 5. Actions by mother and child respectively under the Civil Damage Act.-
Mullen v. Christian, 22 Weekly Dig. 59.
A recovery, sustained by an infant plaintiff of tender years for the-sale of liquor to his father, resulting in intoxication and decreased capacity for labor and means of provision for his family, notwithstanding a previous recovery by the mother of the plaintiff for the' same cause.
In such it is not necessary to join the mother and other infant children, lb. ,
Secor v. Taylor, 41 Hun, 123.
In an action under the civil damage act, brought by a child to recover damages sustained by the death of its father, where no claim is made for exemplary damages, evidence of a recovery for the same-cause by the plaintiff’s mother is inadmissible. [Citing Mullen v, Christian, 22 Weekly Dig. 69.]

 See, as to future damages in actions for negligence, Palmer v. N. Y. Central, &c. R. R. Co., 26 Weekly Dig. 26; Mosher v. Russell, 44 Hun, 12; Alberti v. N. Y., Lake Erie, &c. R. R. Co., 43 Hun, 421; McDonald v. Long Island R. R. Co., Abstr. Abbott's Ann. 1887, p. 105; Uransky v. Dry Dock, East Broadway, &c. R. R. Co., 44 Hun, 119; Marks v. Long Island R. R. Co., Aotr. Abbott's Ann. 1887, p. 105; Baker v. Manhattan Ry. Co., Abstr. Abbott's Ann, 1887, p. 105; Tozer v. N. Y. Central, &c. R. R. Co., 105 N. Y. 617; Carpenter v. Buffalo, N. Y., &c. R. R. Co., 38 Hun, 116; Birkett v. Knickerbocker Ice Co., 41 Hun, 404; Marvin v. Manhattan Ry. Co., 53 Super. Ct. (J. & S.) 527; Staal v. Grand St., &c., R. R. Co., 36 Hun, 208; Ehrgott v. Mayor, &c. of N. Y., 96 N. Y. 264; rev’g 66 How. Pr. 161; Strohm v. N. Y., Lake Erie, &c. R. R. Co., 96 N. Y. 305; rev’g 32 Hun, 20; Filer v. N. Y. Central, &c., R. R. Co., 49 N. Y. 42; Matteson v. N. Y. Central R. R. Co., 62 Barb. 364; Aaron v. Second Ave. R. R. Co., 2 Daly, 127; Caldwell v. Murphy, 1 Duer, 233; aff’d in 11 N. Y. 416.