WILLIAM T. FILER, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Successive actions cannot be maintained for the recovery of damages, as they may accrue from time to time, resulting from an injury to the person, the consequence of a single wrongful act, but the party injured is entitled to recover, in a single action, compensation for all the damages resulting from the injury, whether present or prospective. The limit in respect to future damages is, that they must be such as it is reasonably certain will inevitably and necessarily result from the injury.

Any evidence tending to show the character and extent of the injury, and its probable results, and the probability of the return of a disease induced thereby, is competent.

A question, therefore, to a physician, asking him to state, from his experience and medical knowledge, the probability of a recurrence of inflammation in an injured muscle, is competent.

So, also, is evidence of a physician as to the probable effect on the general health of the injured person.

In the propounding of hypothetical questions to medical experts, it is the privilege of counsel to assume, within the limits of the evidence, any state of facts which he claims the evidence justifies, and have the expert's opinion upon the facts thus assumed.

(Argued February 26, 1872; decided March 26, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

The action is brought for damages to plaintiff in consequence of injuries sustained by his wife, Mrs. Helen M. Filer, while a passenger of defendant, at Fort Plain, on the night of the 4th of November, 1864.

Mrs. Filer left Rochester for Fort Plain on the evening of the 4th of November, on a train which was to arrive at Fort Plain between three and four o'clock the following morning.

As the cars approached the station, they moved very slow, but did not stop.

As Mrs. Filer, pursuant to the direction of the brakeman, attempted to get off, her clothes caught in the steps; she was thrown down and dragged a considerable distance.

The shock rendered her insensible for a short time. Her back was bruised, and she was lame, and suffered pain in her back and hip, which has continued. The lameness and pain at length, in the early winter of 1866-7, resulted in *psoas* abscess.

Upon the trial, Mrs. Filer's physician was asked the following questions:·

"State, from your experience and medical knowledge, the probability of a recurrence of an inflammation of this muscle?"

To this question defendant objected, on the ground that it called for a conclusion, and for damages too remote and speculative.

The objection was overruled, and defendant duly excepted.

Ans. "I couldn't say the probabilities were very strong; but still I should feel that there was danger of the return of the inflammation and accumulation of the fluid. I speak from experience."

"What will be the probable effect upon the health of Mrs. Filer, in your opinion?" Objected, etc.

Ans. "I expect that her general health would suffer more or less in consequence."

" Assuming that in November, 1864, while attempting to alight from the cars, she was thrown down and dragged upon her back for a number of feet until she became insensible, and from that time until this time there was pain in this part, and no intervening cause that you have knowledge of, what, in your opinion, was the cause of this psoas abscess ? "

Objected to as incompetent, improper, leading, and called for evidence of damages which were too remote from the injury complained of.

Objection overruled, and defendant excepted.

Ans. " If we could find no other cause, we would naturally attribute it to that injury. I think the injury was adequate to produce the condition I saw in 1867."

*George G. Munger* for the appellant. The evidence from Dr. Faling, as to a recurrence of the inflammation, was improperly admitted. (18 N. Y., 534, 542, 545 ; *Curtis* v. *Roch. & Syr. R. R. Co.*, 26 id., 49, 52 ; *Drew* v. *Sixth Avenue R. R. Co.* ; Sedgwick on Dam., 108 ; *Lincoln* v. *Sar. & Sche. R. R. Co.*, 23 Wend., 425, 435.)

*J. H. Martindale* for the respondent. The opinions of medical men, founded upon the facts as to the cause and the results of the injury, were competent. (*Buell* v. *N. Y. C. R. R. Co.*, 31 N. Y., 320 ; *People* v. *Lake*, 2 Ker., 362 ; *Curtis* v. *R. & S. R. R. Co.*, 20 Barb., 391.) Prospective damages are recoverable in this action. (See cases before cited ; also 2 Redfield's Laws of Railways, 220 ; *Hopkins* v. *Atlantic and S. & L. Railway*, 36 N. H., 9.) Plaintiff was entitled to recover for loss of services of his wife. (Reeves' Dom. Rel., chap. 4, p. 63 ; chap. 90, Laws of 1860.)

ALLEN, J. Successive actions cannot be brought by the plaintiff for the recovery of damages, as they may accrue from time to time, resulting from the injury complained of, as would be the case for a continuous wrong or a continued trespass. The action is for a single wrong, the injury resulting

from a single act, and the plaintiff was entitled to recover not only the damages which had been actually sustained up to the time of the trial, but also compensation for future damages ; that is, compensation for all the damages resulting from the injury, whether present or prospective. The limit in respect to future damages is that they must be such as it is reasonably certain will inevitably and necessarily result from the injury. To exclude damages of that character, in actions for injuries to the person, would necessarily, in many cases, deprive the injured party of the greater part of the compensation to which he is entited. (*Curtis* v. *R. and S. R. R. Co.*, 18 N. Y., 534; *Drew* v. *Sixth Av. R. Co.*, 26 N. Y., 49.) Any evidence, therefore, tending to show the character and extent of the injury and its probable results, as well as the probability of a return of the disease induced by the injury, in the ordinary course of nature, and without any extrinsic superinducing cause, was competent to enable the jury to determine the compensation to which the plaintiff was entitled.

In the case of a fractured limb, it was thought that the present and probable future condition of it were proper matters of inquiry. (*Lincoln* v. *Sar. and Schn. R. R. Co.*, 23 W. R., 425.) The consequences of a hypothetical second fracture were deemed too remote. The question to Dr. Faling as to the probability, from his experience and medical knowledge, of a recurrence of an inflammation of the injured muscle, and his answer that he could not say the probabilities were very strong, but that he should feel, speaking from experience, that there was danger of the return of the inflammation and accumulation of the fluid, was competent.

The evidence was that of a medical expert, as to the ordinary or probable course of disease in the injured muscle, which had resulted directly from the injury complained of, and related to the future condition of the person injured, so far as that condition could be ascertained from medical learning and experience. So, too, the opinion of the same physician, that he should expect, if there were no return of inflammation, that the general health of Mrs. Filer would improve,

but would always be somewhat impaired, was proper and competent, to enable the jury to ascertain the actual extent of the injury to the plaintiff.

There is no evidence other than that of experts by which courts and juries can determine whether a disease or an injury has been or can be permanently cured, or what its effect will be upon the health and capability of the injured person in the future. The hypothetical opinion of Dr. Hillman as to the cause of the abscess was competent, and the answer, cautiously given, that if they could find no other cause, they would naturally attribute it to the injury complained of, and that such injury received in 1864 was competent to produce the condition he saw in 1867, were properly allowed.

Some latitude must necessarily be given in the examination of medical experts, and in the propounding of hypothetical questions for their opinions, the better to enable the jury to pass upon the questions submitted to them. The opinion is the opinion of the expert, and if the facts are found by the jury as the counsel by his questions assumes them to be, the opinion may have some weight, otherwise not. It is the privilege of the counsel in such cases to assume, within the limits of the evidence, any state of facts which he claims the evidence justifies, and have the opinion of experts upon the facts thus assumed. The facts are assumed for the purposes of the question, and for no other purpose.

There was no error in the refusal to charge as requested.

The question submitted was whether the abscess and consequent illness were caused by the injury received in November, 1864, and if that was found in the affirmative, the plaintiff, if the other facts were found in his favor, was entitled to recover. There was no evidence authorizing the submission of the question whether the abscess might not have been in part caused by the injury spoken of, and in part by some other means. The other questions made upon this appeal are considered and disposed of in the action at the suit of Helen M. Filer.

There was no error upon the trial, and the judgment must be affirmed.

All concur except CHURCH, Ch. J., who was of counsel and did not vote.

Judgment affirmed.