SLOAN v. NEW YORK CENTRAL RAILROAD COMPANY.

*Husband and wife — husband may recover for loss of wife's services from negligence of another — Damages — what are not excessive.*

Plaintiff's wife was injured by the negligence of defendant. *Held* (following *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 42), that plaintiff was entitled to recover for the loss of her services.

At the time of the injury the wife was thirty-two years of age. *Held,* that a verdict for plaintiff for $10,500, though large, was not excessive.

MOTION for a new trial upon exceptions ordered to be heard in the first instance at general term.

The action was brought in Cayuga county by Franklin A. Sloan, to recover for the loss of the services of his wife, who was injured while riding on the defendant's cars from the city of Syracuse to Auburn, in the county of Cayuga, through, as it is alleged, the carelessness of the defendant. A verdict was rendered in favor of the plaintiff for $10,500.

The defendant's counsel asks to have the verdict set aside because it is excessive, and also because of divers errors alleged by him to have been committed by the court on the trial.

*John H. Martindale*, for plaintiff.

*James R. Cox*, for defendant.

MULLIN, P. J. The court of appeals in the case of *Filer* v. *N. Y. Central R. R. Co.*, 49 N. Y. 42, decided that a husband is entitled to recover for the loss of the services of his wife resulting from injuries caused by the negligence of a carrier of passengers. This question is therefore at rest, and cannot be permitted to be again discussed.

It is doubtless true that a husband is not entitled to recover for the pain and suffering endured by his wife, but proof of this pain and suffering is or may be not unfrequently admissible to prove the extent of the injury and the consequent duration of the loss of service.

The court cannot in an action of tort reduce the verdict of a jury because it is deemed excessive. The only remedy in such case is to set it aside and order a new trial.

The damages awarded by the jury are large, but not excessive. It is impossible to lay down any rule by which to determine when a verdict is excessive. Every case must be decided upon its own facts, and the jury are much the best judges of what amount of damages will give to the injured party redress for the wrong suffered, and unless it is so large as to excite surprise at its injustice, the court ought not to interfere.

The wife of the plaintiff was thirty-two years of age at the time of the injury. If the plaintiff and his wife should live until she was of the age of three score years and ten, the plaintiff would receive her

services for thirty-eight years. If she retained her mental and physical powers, her services in the care of him and his household would not be extravagantly paid by an allowance of $500 per year, including her support. It is true, that a servant could be employed for a much smaller sum, but the services of the hireling would fall far short of being of the value of those of an affectionate, intelligent and prudent wife.

By the annuity tables her life would be estimated as continuing for about twelve years. This verdict would allow the husband $900 per year, out of which he must support her and furnish her such care and assistance and medical aid as she may require, and be deprived wholly of any service from her.

I cannot, in view of these considerations, say that the jury have awarded the plaintiff an unreasonable measure of damages.

This case is one of several to which my attention has been recently drawn, in which the jury at a second trial has awarded a much larger amount of damages than upon the first, and it is becoming quite important to defendants to ascertain what induces this action on the part of juries.

Does the resistance of defendants to a recovery by repeated appeals excite the prejudices of the jury, and lead them to punish the offender by an increase of the verdict. If this should prove to be the explanation, it would be a new and alarming phase of trial by jury, and cannot fail to bring it into disrepute.

It is unnecessary to say that a jury has no right to inquire into the character or conduct or motives of a defendant in an action before them, unless it comes before them legitimately on the trial.

The court cannot assume that the jury has violated its duty, because in a few instances the verdict on a second trial is larger than upon the first, even when the evidence in each is substantially the same, but it behooves the court to scrutinize the action of juries in cases of tort, and when satisfied that injustice has been done protect defendants against it.

I do not think the rulings on the trial or the charge of the court make it proper for us to set aside the verdict.

A new trial is denied, and judgment ordered for the plaintiff on the verdict.

*Judgment accordingly.*