(8 Misc. Rep. 75.)

SKINNER ENGINE CO. v. OLD STATEN ISLAND DYEING ESTABLISH-
MENT.

(City Court of New York, General Term.   April 23, 1894.)

NEGOTIABLE INSTRUMENTS—BONA FIDE PURCHASER.
    One who accepts a note before maturity in full discharge of an anteced-
    ent debt is a bona fide purchaser for value.

Appeal from trial term.

Action by the Skinner Engine Company against the Old Staten
Island Dyeing Establishment.   There was a judgment in favor of
plaintiff, and defendant appeals.   Affirmed.

Argued before NEWBURGER, P. J., and McCARTHY and CON-
LAN, JJ.

Burrill, Zabriskie & Burrill, for appellant.
Ewing, Whitman & Ewing, for respondent.

McCARTHY, J.   We have examined very carefully the authori-
ties cited by the appellant, and think that many of the distinctions
drawn are too fine, and not borne out by the evidence in this case.
The evidence is clear and sufficient that the plaintiff accepted this
note in suit in full and complete discharge of the antecedent debt,
and thus became a bona fide holder for value, before maturity.
This, being so, cut off any defenses or claims which the defendant
might have against Barnhurst, unless evidence of knowledge or
notice thereof to plaintiff is shown.   This has not been done, and
where the evidence is unimpeached, and not contradicted, it is the
duty of the trial justice to direct a verdict for the plaintiff.   These
facts, in our opinion, appear in this case; and, finding no error in
the rulings, judgment must be affirmed, with costs.   All concur.

---

(8 Misc. Rep. 89.)

DUGGAN v. THIRD AVE. R. CO.

(City Court of New York, General Term.   April 23, 1894.)

DAMAGES—EVIDENCE—PERMANENT INJURIES.
    In an action for personal injuries a witness may state whether or not
    plaintiff had lost perfect power of the injured member, though there is no
    allegation of permanent injuries in the complaint.

Appeal from trial term.

Action by John Duggan against the Third Avenue Railroad
Company for personal injuries.   There was a judgment in favor of
plaintiff, and defendant appeals.   Affirmed.

For former report, see 26 N. Y. Supp. 79.

Argued before NEWBURGER, McCARTHY, and CONLAN, JJ.

Hoadly, Lauterbach & Johnson, for appellant.
Louis J. Grant, for respondent.

McCARTHY, J.   This is an appeal from a judgment recovered
by the plaintiff for injuries claimed to have been received on the
18th day of April, 1888, by reason of the carelessness and negli-

gence of the defendant in permitting a certain rail in their building at 128th street and 10th avenue to become loose and raised, so as to be dangerous to the life and limb of persons passing over it. The plaintiff was in the employ of the defendant at the time, and while lawfully in said building, his foot caught beneath said rail, and he was thrown violently to the ground and injured. The jury found a verdict for the plaintiff for $300. There was sufficient evidence on all the questions of negligence to justify a refusal to dismiss the complaint, and also to permit at the close of the case the same to go to the jury. They having found against the defendant, their verdict will not be disturbed, unless for good cause or errors of law.

The defendant claims that the court erred in permitting the following question and answer at folio 53 of the case:

Q. Can you state whether, in consequence of that fracture, Mr. Duggan has or has not lost the perfect power of the member? (Defendant's counsel objects that there is no allegation in the pleadings of permanent injuries. Allowed. Defendant excepts.) A. That was what we call a permanent partial disability.

I have examined all the cases cited by the appellant on this point, and think they are neither illustrative nor analogous. See Feeney v. Railroad Co., 116 N. Y. 375–382, 22 N. E. 402; Schuler v. Railroad Co. (Com. Pl. N. Y.) 20 N. Y. Supp. 683; Sheehan v. Edgar, 58 N. Y. 631. In Filer v. Railroad Co., 49 N. Y., at page 44, Allen, J., says:

"Successive actions cannot be brought by the plaintiff for the recovery of damages as they may accrue from time to time, resulting from the injury complained of, as would be the case for a continuous wrong or a continued trespass. The action is for a single wrong, the injury resulting from a single act; and the plaintiff was entitled to recover, not only the damages which had been actually sustained up to the time of the trial, but also compensation for future damages; that is, compensation for all the damages resulting from the injury, whether present or prospective. The limit in respect to future damages is that they must be such as it is reasonably certain will inevitably and necessarily result from the injury. To exclude damages of that character, in actions for injuries to the person, would necessarily, in many cases, deprive the injured party of the greater part of the compensation to which he is entitled. Curtis v. Railroad Co., 18 N. Y. 534; Drew v. Railroad Co., 26 N. Y. 49. Any evidence, therefore, tending to show the character and extent of the injury and its probable results, as well as the probability of a return of the disease induced by the injury, in the ordinary course of nature, and without any extrinsic superinducing cause, was competent to enable the jury to determine the compensation to which the plaintiff was entitled. In the case of a fractured limb it was thought that the present and probable future condition of it were proper matters of inquiry. Lincoln v. Railroad Co., 23 Wend. 425."

We cannot see any harm in the answer of the court to the thirteenth request. The plaintiff called it a "fracture of the radius near the wrist." The jury had all the evidence before them, and, as argued by appellant, would have the right to disregard the evidence of the physician and accept the evidence of the other. We think the case was fairly and fully presented, and that the trial justice substantially charged as requested. Finding no errors that would warrant a reversal of the judgment, the same is affirmed, with costs. All concur.