JAMES M. PENDER, as Administrator, etc., of MAGGIE B. PENDER, Deceased, Respondent, *v.* THE BROOKLYN CITY RAILROAD COMPANY, Appellant.

*Erroneous admission of evidence, when not a ground of reversal — hypothetical questions to expert witnesses.*

A judgment will not be reversed by reason of the erroneous reception of evidence, where the reception thereof could not have prejudiced the unsuccessful party.

It is the privilege of counsel upon the trial of an action to propound hypothetical questions to expert witnesses, and to assume within the evidence any state of facts which he claims the evidence justifies and to obtain their opinion thereon.

APPEAL by the defendant, The Brooklyn City Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of March, 1894, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 15th day of March, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Morris & Whitehouse,* for the appellant.

*Henry D. Hotchkiss* and *William T. Gilbert,* for the respondent.

PRATT, J.:

This is an appeal from a judgment rendered upon a verdict of a jury giving the plaintiff damages for the loss of services of his child, alleged to have been caused by the negligence of the defendant, and from an order denying a motion for a new trial.

The evidence upon various circumstances connected with the trial was conflicting, but there seems to be no such preponderance of evidence in favor of the defendant as would 'have warranted a dismissal of the complaint.

The cause was submitted to the jury by a charge as favorable to the defendant as the facts warranted. The judgment must stand unless some erroneous ruling was made in the course of the trial.

The principal exception relied on is to the following question put to a witness for the plaintiff: "Q. Running at a speed of ten or twelve miles an hour at what distance could it (the car) be stopped? A. About one hundred feet." This question was objected to and allowed by the court. It was asked of a motorman, and was not objected to on the ground that he was not an experienced man in running cars as motorman, but upon the ground that the question contained an assumption that the cars were running at that rate, and this misled the jury. On the question of speed the evidence was conflicting; one witness said the car was running at a high rate of speed, another that it was going very fast; a witness for defendant that it was going about six miles an hour. Besides, it appeared in the evidence at what point the car struck the girl, and where it was brought to a standstill after the accident. Therefore, the distance at which a car could be stopped when going at different rates of speed was not material.

Another answer to defendant's contention upon this matter is that the evidence could not have prejudiced the defendant, as the greater the speed at which the car was running the less the negligence of the motorman in failing to stop the car, or, in other words, the greater the distance within which the car could be stopped.

Again, we think the question within the limits of the evidence, *a high rate of speed and going very fast* would seem to justify such a question.

It is always a privilege of counsel to propound hypothetical questions to experts and to assume within the evidence any state of facts which he claims the evidence justifies and have their opinion thereon. (*Harnett* v. *Garvey*, 66 N. Y. 641; *Filer* v. *R. R. Co.*, 49 id. 42.)

The judgment and order should be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment and order denying motion for a new trial affirmed, with costs.