to them.    The dismissal of the complaint was not authorized, and this would have been so even if the trial had taken place without a jury. Schlesinger v. Jud, 61 App. Div. 453, 70 N. Y. Supp. 616.    I therefore concur that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

(90 App. Div. 213.)

### BENTE v. METROPOLITAN STREET RY. CO.

(Supreme Court, Appellate Division, First Department.  January 22, 1904.)

1. PASSENGER ON STREET CAR—ACTION FOR INJURIES—EVIDENCE—SUFFICIENCY.
   Evidence examined, and *held* sufficient to sustain a verdict against a street railroad company for injuring a passenger when attempting to get off a car.

2. SAME—INSTRUCTIONS—SUFFICIENCY.
   In an action against a street railway company for injuries to a passenger, claimed to have been caused by starting the car after it had stopped and when she was about to get off, the court charged the jury, without objection, that the only question for them to determine was whether, in getting off the car, plaintiff, before she had an opportunity to alight, was thrown to the street by a jerk caused by defendant's employés.    Thereafter, at the close of the whole charge, in response to a request by plaintiff to further charge, the court stated that he would modify his charge, and thereupon charged that if the jury found the car had stopped, and that plaintiff was preparing to alight, and the car gave a start or jerk before she had a reasonable opportunity to do so, unless the start or jerk was satisfactorily explained by defendant, it was guilty of negligence, and it was not incumbent on plaintiff to prove what caused the same.  *Held,* that this could not be treated as a charge that, if the jury found that plaintiff's version of the case was true, defendant was liable as a matter of law.

3. SAME—DAMAGES.
   A verdict for $3,000 for seriously injuring a passenger on a street car, causing her confinement in a hospital for nearly six weeks, and leaving her with one leg permanently shortened, with a stiff joint, was not excessive.

   Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Wilhelmina Bente against the Metropolitan Street Railway Company for personal injuries.  From a judgment for plaintiff on a verdict for $3,000, and from an order denying a new trial, defendant appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Arthur Ofner, for appellant.

Carlisle J. Gleason, for respondent.

INGRAHAM, J.    I do not think that there was error that would justify a reversal of this judgment.    The defendant insists that the verdict was against the weight of evidence.    The plaintiff was a passenger upon a car operated by the defendant, and she fell to the street in getting off the car opposite the depot of the Harlem Railroad Company in the city of New York.    She testified positively that the car came to a stop;  that as she started to get off the car it started

forward with a jerk, and she was thrown into the street. Her evidence was not corroborated. For the defendant the conductor testified that the place at which the plaintiff fell was a regular stopping place for cars of the defendant's line, and that they usually stopped there without a signal; that, when the plaintiff fell, the car had not come to a full stop, and that he warned the plaintiff to wait until the car stopped; that he started towards her to take hold of her; that the first think he knew, before he could get to her, she stepped off backwards, and she was on the ground, and that he got off and helped her up; that, after the plaintiff fell, the car went about five feet, and then it stopped; that, before plaintiff fell off, the witness had called out the Central Station. The motorman testified that he did not bring his car to a stop at or about the Harlem entrance, and then suddenly start on again. Two newsboys who were in the vicinity corroborated the testimony of the conductor, but there are circumstances connected with their testimony that render its credibility a question for the jury. A police officer also testified that, when the plaintiff fell, the car was moving, which is quite consistent with the plaintiff's testimony, as she says she fell because of the sudden start of the car, and the officer does not testify that the car had not stopped before the plaintiff fell as she attempted to get off. The testimony of the conductor that the plaintiff stepped off backwards is not entirely consistent with the testimony of the other witnesses for the defendant. It was also proved that at this point there was a down grade, and that the car would start forward on its own momentum if the brake was taken off. Considering these circumstances and the testimony given by the several witnesses for the defendant, I think as the jury were justified in believing the plaintiff's testimony, as they did believe it, we are not justified in saying that it was so clearly against the weight of evidence that we should disregard the verdict.

The only other error pointed out by the defendant is presented by an exception to a charge of the learned trial judge in answer to a request to charge made by the plaintiff's counsel. The learned judge had charged the jury that:

"The essential contention of the case, as I said at the outset, is that the plaintiff was hurt because of a sudden jerk of the car. If there was no such jerk, then her case fails. * * * So that the sole question for you to determine is whether this accident was caused while the plaintiff was getting off the car, after it had come to a full stop (and before a reasonable opportunity had been given to her to get off), by a certain forward jerk of the car, resulting from act of the defendant's servants. Of course, if this was an accident pure and simple, the plaintiff cannot recover. The defendant is not liable for accidents pure and simple. It is only liable for accidents caused by the negligence of its servants. So you must find, before you give the plaintiff a verdict, that the car had come to a full stop; that, before the plaintiff had a reasonable opportunity to get off, the defendant's servant caused the car to be jerked forward; and that this jerk made her fall."

The plaintiff's counsel, after the charge was completed, asked the court his second request. That request is not in the record, but the court, answering, said:

"That I have charged. I will modify what I have charged with respect to the second and third propositions, to this extent: I do charge that if the

jury find the car had stopped, and that Mrs. Bente was preparing to alight, and the car gave a start or jerk before she had a reasonable opportunity to alight, unless this start or jerk is satisfactorily explained by the defendant it was guilty of negligence, and it was not incumbent upon the plaintiff to prove what caused the start or jerk."

And to this the defendant excepted. This charge of the court is treated by the defendant as a charge to the jury that, if they find that the plaintiff's version was true, the defendant was liable as a matter of law, and that was error under the case of Kellegher v. 42nd St., etc., R. R. Co., 171 N. Y. 309, 63 N. E. 1096. The court had already charged the jury that the one question for them to determine was whether the plaintiff, in getting off the car, before she had an opportunity to alight, was thrown to the street by a jerk of the car caused by the employés of the defendant, and to that there had been no objection, and no request to modify that instruction was made by the defendant's counsel. The modification by the court in answer to the second and third requests was simply that if the jury found that the car had stopped, and, as the plaintiff was preparing to alight, the car gave a start or jerk before she had a reasonable opportunity to alight, unless this start or jerk was satisfactorily explained by the defendant it was guilty of negligence, and it was not incumbent upon the plaintiff to prove what caused the start or jerk.

Considering the relation that exists between a common carrier and its passenger, and the duty that is by law imposed upon the carrier of allowing a passenger a reasonable opportunity to alight, I think that if the car stops at a usual stopping place for the purpose of allowing passengers to alight, and a passenger in the act of alighting is thrown from the car by its suddenly starting, there is neglect to perform the duty imposed upon the carrier. That the law imposes upon a common carrier an obligation to give to its passengers an opportunity to alight from the car after the car has stopped for that purpose, and that a failure to perform that duty constitutes negligence, is, I think, the settled law of this state; and this was all that the court charged. It did not charge, as in the case of Kellegher v. 42nd St., etc., R. R. Co., 171 N. Y. 309, 63 N. E. 1096, that if the jury believed the witnesses called by the plaintiff, who had testified to the circumstances under which the accident happened, the act of the conductor was a negligent act, and such an act as would warrant a cause of action on behalf of the plaintiff; but in this case the court told the jury that it was negligence on behalf of the defendant to start the car while a passenger was about to alight, when the car had stopped for the purpose of allowing the passenger to alight; and the court had left it to the jury to say whether the plaintiff was free from contributory negligence. In Martin v. Second Ave. R. R. Co., 3 App. Div. 448, 38 N. Y. Supp. 220, the presiding justice, delivering the opinion of this court, said:

"The car having stopped and the passengers being called upon to alight, if, in the act of alighting, the plaintiff was thrown from the car by a jerk of the car, it was necessary for the appellant to prove that it was not responsible for the happening of that movement, in order to absolve itself from liability. It was not incumbent upon the plaintiff to say what caused the

jerk. It was negligence upon the part of the appellant to allow the car to move while the passengers were in the act of alighting."

And it was that proposition, sustained by the unanimous decision of this court, that the learned trial judge stated to the jury, and in that I think there was no error.

The appellant also claims that the verdict was excessive; but considering the extent of the injuries, the fact that the plaintiff was confined in the hospital from the 26th of July to the 4th of September, and the fact that one leg is permanently shortened, with a stiff joint, we cannot say that the verdict was excessive.

I think the judgment and order appealed from should be affirmed, with costs. All concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. (dissenting). The action is brought to recover damages for personal injuries sustained by the plaintiff through the negligence of the defendant in suddenly starting one of its cars, on which the plaintiff was a passenger, while she was in the act of alighting therefrom, which precipitated her upon the ground, inflicting bodily injuries. The learned trial justice drew the attention of the jury to the conflicting testimony as to the circumstances under which the accident happened, and properly instructed them that the plaintiff was bound to show by a preponderance of evidence that the accident was caused solely by the negligence of the defendant. There was evidence tending to show that after the car stopped on Vanderbilt avenue adjacent to the Grand Central Station, and while the plaintiff was in the act of alighting, the car started with a jerk which threw her upon the ground, inflicting the injuries of which she complains. The jury might have found from the evidence that the start or jerk, if any, was slight, that the conductor did not signal the motorman to start, and that the motorman was not aware that she was attempting to alight at that point. The court also perfectly instructed the jury that the defendant was not liable unless the car was started by defendant's servants with a jerk while plaintiff was alighting, and that this caused the accident; and also that, if it was a mere accident, there was no liability, as defendant was only liable for the negligence of its servants. At the close of the charge, counsel for the plaintiff requested the court to charge the second request presented by the plaintiff. The court thereupon said:

"That I have charged. I will modify what I have charged with respect to the second and third propositions to this extent; I do charge that if the jury find that the car had stopped, and that Mrs. Bente was preparing to alight, and the car gave a start or jerk before she had a reasonable opportunity to alight, unless this start or jerk was satisfactorily explained by the defendant it was guilty of negligence, and it was not incumbent upon the plaintiff to prove what caused the start or jerk."

This was duly excepted to by counsel for defendant. Neither the first, second, nor third request referred to is printed in this record. This was the last instruction given to the jury. They would naturally infer from this language that the court intended to modify the instruction previously given, and to lay down as a rule of law that the mere starting of the car with a jerk, under the circumstances stated, was

presumptively a negligent act as matter of law, which would render the defendant liable, regardless of the extent of the start or violence of the jerk. This we think was error. While the jury would have been justified in finding that this act constituted negligence on the part of the defendant, yet it was a question for the jury, and should have been left to them as one of fact. Kellegher v. 42nd St., etc., R. R. Co., 171 N. Y. 309, 63 N. E. 1096.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.