She testified as to the amount of income received from the securities, and recovered the difference between that amount and the $1,000 stipulated to be paid, and the defendant made no proof that this difference was too great.

We think the recovery was proper, and that the judgment should be affirmed, with costs. All concur, except PATTERSON, J., who dissents.

---

## COLES v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. January 17, 1906.)

1. EVIDENCE—EXPERTS—HYPOTHETICAL QUESTIONS.

A hypothetical question asked of experts is good, if it is within the possible or probable range of the evidence, although it is not based upon all the evidence given, nor upon a judicial summing up of the fair effect of that evidence.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2369–2374.]

2. APPEAL—RESERVATION OF GROUND OF REVIEW—NECESSITY OF EXCEPTION.

A reversal cannot be had on a ground of exception to which the attention of the trial court was not specifically directed at the trial.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1432–1468.]

3. TRIAL—INSTRUCTIONS—CURE OF ERROR.

Error in language used by the trial justice in charging on certain evidence, was cured by a subsequent statement in the charge, made when his attention was called to the matter, that he did not think he used the language imputed to him, but that if he had in any manner distorted the testimony the jury should disregard everything he had said, and that the case should be tried on their recollection of the testimony.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 718.]

4. CARRIERS—INJURIES TO PASSENGERS—ACTIONS—INSTRUCTIONS.

In an action against a street railway for injuries to a passenger, a charge that if plaintiff attempted to board the car with the knowledge of the conductor, the latter's failure to give plaintiff a reasonable opportunity to get on the car would have been a negligent act, such as to bind defendant, was not erroneous in that it failed to direct the jury's attention to possible contributory negligence on plaintiff's part, where, in the sentence immediately following, the court stated that, if after the car started plaintiff attempted to board it, and met with the accident, she could not recover.

Appeal from City Court of New York, Trial Term.

Action by Maria G. Coles against the Interurban Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Bayard H. Ames, for appellant.

Theodore L. Herrmann (Abraham Benedict, of counsel), for respondents.

BLANCHARD, J. This action was brought to recover for injuries sustained by the plaintiff while attempting to board one of the defendant's cars. The appellant relies upon the exceptions to the rulings of

the trial justice upon the evidence and to the charge to the jury, and also contends that the verdict is excessive. The evidence before the jury warranted the amount of the verdict.

The rulings of the trial justice upon the evidence appear upon examination of the testimony to be correct. The ground upon which the incorrectness of the rulings is most frequently urged in the appellant's brief is that questions addressed to expert witnesses regarding the extent of the plaintiff's injuries did not properly state the premises upon which a competent opinion could be based. In several instances, the immediate context of the questions and answers excepted to need only be examined, in order to see that the premises were sufficiently before the minds of both witness and jury. In the remaining instances, where the particular ground of the defendant's exceptions was that the questions put to the expert witnesses did not fairly and fully state all the facts proved in the case, the appellant's contention seems unsound in law. It is sufficient if a hypothetical question is within the possible or probable range of the evidence, without being based upon all the evidence given or upon a judicial summing up of the fair effect of that evidence. Filer v. N. Y. Central R. R. Co., 49 N. Y. 42; Cole v. Falbrook Coal Co., 159 N. Y. 59, 67, 53 N. E. 670. In this connection, the persistence with which the appellant in his points urges reversal, upon grounds for exception to which the attention of the trial court was not specifically directed at the trial, must be expressly disapproved. McGean v. Manhattan Railway Co., 117 N. Y. 219, 222, 22 N. E. 957; Crawford v. Metropolitan Elevated R. R. Co., 120 N. Y. 624, 24 N. E. 305; Tracey v. Metropolitan Street Railway Co., 49 App. Div. 197, 201, 202, 63 N. Y. Supp. 242.

The objection to the language of the trial court, in charging the jury that the plaintiff's daughter said that the conductor "observed her, as there was no obstruction between them," was cured by the following charge, which the justice made when his attention was called to his former statement:

"Upon that point I do not think I used the word 'observed,' but I will say to you that if I have in any manner distorted the testimony in this case, or given a version different from what your recollection of that testimony is, you are to disregard everything I have said in connection with it, because the law says it is upon your recollection of the testimony that this issue has to be decided."

The most important exception is based on the following charge:

"If this plaintiff attempted to board that car, and if the conductor under all the circumstances thereof knew or had reason to know that she intended to board, he should have given her a reasonable opportunity to do so, and his failure so to do would have been a negligent act on his part, which would bind this defendant corporation."

Standing alone, such a charge might well be error, by reason of its failure to direct the attention of the jury to possible acts of contributory negligence on the part of the plaintiff. Kellegher v. Forty-Second Street R. Co., 171 N. Y. 309, 63 N. E. 1096. But in the sentence immediately following, the court expressly qualified the language objected to, as follows:

"If, however, after that car had started, no matter how slow it was going, the plaintiff attempted to board it and then met with this accident, she cannot recover in this case."

In Bente v. Metropolitan Street Railway Co., 90 App. Div. 213, 86 N. Y. Supp. 85, the court told the jury that it was negligence on behalf of the defendant to start the car while a passenger was about to alight, when the car had stopped for the purpose of allowing the passenger to alight; and the court left it to the jury to say whether the plaintiff was free from contributory negligence. This charge was held not to be error. Within the rule applied in that decision, the charge in the present case was correct.

Judgment affirmed, with costs.

DOWLING, J., concurs. SCOTT, P. J., concurs in result.